[No. 20400. In Bank. — June 22, 1888.]

# THE PEOPLE, RESPONDENT, *v.* CHARLES BENT-LEY, APPELLANT.

CRIMINAL LAW — PRIOR CONVICTION — ASSAULT WITH DEADLY WEAPON — ATTEMPT TO ROB. — A conviction of an assault with a deadly weapon, under an information charging an assault with intent to commit murder, is not a bar to a subsequent conviction of an attempt to commit robbery, although the offenses were so closely connected in point of time that it is impossible to separate the evidence relating to them.

ID. — EVIDENCE OF CONSPIRACY — RES GESTÆ. — *People* v. *Bentley*, 75 Cal. 407, affirmed as to the admissibility in evidence of the acts of an alleged co-conspirator, done before the commission of the crime, and tending to show the probability of an understanding between him and the defendant in regard to its perpetration.

ID. — EVIDENCE — IMPEACHMENT OF DEFENDANT. — A defendant who has been a witness in his own behalf may be impeached by evidence as to his general reputation.

APPEAL from a judgment of the Superior Court of Tulare County, and from an order refusing a new trial.

The facts are stated in the opinion, and in the report of *People* v. *Bentley*, 75 Cal. 407.

*W. A. Gray,* and *Oregon Sanders,* for Appellant.

*Attorney-General Johnson,* for Respondent.

FOOTE, C.—The defendant was tried and convicted of an attempt to commit robbery. From the judgment given in the premises, and an order refusing a new trial, he appeals. He contends that he has been formerly convicted of the same offense, which is alleged to be a bar to this prosecution. It was attempted in his behalf to introduce evidence to show that such was the fact, but it was ruled out by the trial court, and exception taken. The evidence offered tended to show that he had been convicted of an assault with a deadly weapon, under an information charging an assault with intent to commit murder. It is plain that the defendant had not formerly been convicted of an offense for which he could have been or was tried and convicted on the information charging the offense of which he here stands convicted. "It is believed that no well-considered case can be found where a putting in jeopardy for one act," or a conviction for one act, "was held to bar a prosecution for another separate and distinct one, merely because they were so closely connected in point of time that it was impossible to separate the evidence relating to them." (*Teat* v. *State,* 53 Miss. 456; 24 Am. Rep. 708.) According to the testimony in this case, the first thing done by the defendant and his confederate was an attempt to intimidate and rob; the next was to attack with a deadly weapon. It cannot be the law that a man having assaulted another with a deadly weapon, and having also attempted before that to rob him, can escape punishment for the attempt to rob because of conviction for assault with a deadly weapon. If the offenses do not possess the same elements, although both relate to the same transaction, it would seem that both may be punished. This view of the law seems to have been taken by the supreme court of this state in

the case of *People* v. *Majors*, 65 Cal. 138, where many authorities bearing upon the matter in hand are cited and discussed. The offense of which the defendant was first convicted was an effort to injure the person of the prosecutor with a deadly weapon; that of which he was last convicted was an attempt to take away the goods of the prosecutor from his person by intimidation or violence. The essential elements of the two offenses are not the same.

The admissibility of the evidence of Moore, a witness for the prosecution, to prove a conspiracy to commit a felony, which was objected to by the defendant, but allowed by the court to go to the jury, has been determined heretofore against the defendant's contention in the case of *People* v. *Bentley*, 75 Cal. 407, where the facts surrounding the transaction are fully stated.

The question asked Evans, a witness, whether George Sevier lived in the same town with the defendant at the time of the alleged attempt to commit robbery, was immaterial. It was not shown, or attempted to be shown, that Sevier was anywhere in the immediate vicinity of Ridgway, the accomplice of the defendant, on the night when the offense was charged to have been committed, or that by any possibility Sevier might have been the culprit instead of the defendant.

The testimony of R. P. Grant as to the character of the defendant for truth, or the contrary, was admissible in impeachment of the defendant's testimony. The witness evidently knew the general reputation of the defendant in that regard.

The defendant emphatically denied all complicity or knowledge of the offense charged against him when he testified in his own behalf. The cross-examination to which he was subjected was fairly directed to the rebuttal of the entire innocence which he thus proclaimed, and was legitimate and proper. There does not appear to be any merit in the defendant's points made upon

appeal, and we advise that the judgment and order be affirmed.

Belcher, C. C., and Hayne, C., concurred.

The Court.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.