[Crim. No. 1153. Department One.—July 2, 1904.]

## THE PEOPLE, Respondent, v. MARION KERRICK, Appellant.

CRIMINAL LAW—ALTERING BRANDS OF CATTLE—FORMER ACQUITTAL—JEOPARDY—EVIDENCE—CHARGE OF GRAND LARCENY—DISMISSAL.— The charge of altering the brands of cattle, as defined in section 357 of the Penal Code, is not included in a former charge of grand larceny of the same cattle in which evidence was given of the same alteration of brands; and under a plea of former acquittal and once in jeopardy, evidence is not admissible to show the trial under such former charge and a disagreement of the jury thereunder, and a dismissal thereof by the prosecuting attorney for want of sufficient evidence to convict.

ID.—DISMISSAL BY PROSECUTION NOT A BAR.—The dismissal of the charge of grand larceny, on motion of the district attorney, would not bar another prosecution for the same offense, or for any offense included therein.

APPEAL from a judgment of the Superior Court of Fresno County and from an order denying a new trial. H. Z. Austin, Judge.

The facts are stated in the opinion.

W. D. Tupper, and Thompson & Prince, for Appellant.

U. S. Webb, Attorney-General, and C. N. Post, Assistant Attorney-General, for Respondent.

GRAY, C.—The defendant was convicted of the crime defined in section 357 of the Penal Code, of altering and defacing the marks and brands on certain twenty-two head of cattle with intent to steal the same and prevent the identification thereof. He appeals from the judgment and from an order denying him a new trial.

At the trial it was admitted by the prosecution that the defendant had theretofore been duly tried upon an information charging him with the larceny of the same cattle referred to in this information, and that at such former trial the same evidence was used by the prosecution concerning the alteration of the marks and brands of the cattle in question as was presented by the people in this trial. Also that said former trial resulted in a disagreement of the jury, no verdict being found. The defendant then, in support of his plea of former acquittal and once in jeopardy, offered to prove that on motion of the district attorney, made on the ground that in his opinion the evidence that could be adduced upon a retrial would be insufficient to convict the defendant, a judgment and order of the court was duly made and entered dismissing the information in said grand larceny case. The court excluded the offered evidence; and upon this ruling arises the only question presented upon this appeal.

The action of the court in excluding the offered evidence may be upheld on two grounds:

1. No conviction could be had of the crime defined in section 357 of the Penal Code under an information charging only grand larceny. The former crime is not in any sense a necessary element of the latter, nor can it be said to be "necessarily included" in the latter. Section 1159 of the Penal Code provides that "the jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged." To be "necessarily included" in the offense charged, the lesser offense must not only be part of the greater in fact, but it must be embraced within the legal definition of the greater as a part thereof. "To entitle a defendant to the plea of *autrefois convict* or *acquit,* it is necessary that the offense charged be the same in law and fact." (*People* v. *Helbing,* 61 Cal. 610.) It seems from the record before us that the two crimes were not only distinct in law but also in fact. The larceny of the cattle was completed on

the twenty-seventh day of March, 1902, by driving them out of a pasture, where they were kept by the owner, with intent to steal them. The marks and brands were changed the day following, to prevent identification. Here were two separate and distinct criminal acts committed on different dates, each constituting a crime in fact as well as in law and each being also entirely distinct in name and statutory definition, and neither constituting a *necessary* incident to or part of the other. (*People* v. *Bently,* 77 Cal. 7;[1] *People* v. *Devlin,* 143 Cal. 128.)·

2. Another reason why the objection was properly sustained is found in the fact that each of the prosecutions was for a felony, and a judgment of dismissal on motion of the district attorney does not bar a second prosecution in case of a felony —even assuming that there was but one offense, or that the one offense was included in the other. (Pen. Code, sec. 1387.) This section is not in conflict with any provision of the constitution. Nor is it necessary, where the case has merely been dismissed on motion, to set aside such previous judgment of dismissal before the court would be authorized to entertain a second prosecution for a felony.

The judgment and order should be affirmed.

Cooper, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Van Dyke, J., Shaw, J., Angellotti, J.

[1] 11 Am. St. Rep. 225, and note.