THE PEOPLE *v.* VAZQUEZ.

APPEAL from the District Court of Guayama.

No. 47.—Decided December 15, 1905.

APPEAL—EVIDENCE—STENOGRAPHER'S NOTES.—The notes taken by the stenographer during the trial of a cause form no part of the record on appeal, and the court cannot consider and decide those questions which are based on the evidence taken at the trial.

ASSAULT AND BATTERY—RIOT.—The crimes of assault and battery are not necessarily independent of each other, although one and the same person may take part in a riot and during the riot commit the crime of assault and battery without the latter being included in the former.

The facts are stated in the opinion.

*Mr. Lopez Landron* for appellant.

*Mr. Rossy, fiscal,* for respondent.

Mr. Justice Wolf delivered the opinion of the court.

This is a cause for assault and battery with aggravating circumstances, prosecuted in the District Court of Guayama against the defendants Juan Vazquez, Jose Agudo Vazquez and Hermenegildo Vazquez. Nothing has been said as to the form of the proceedings in this cause. The defendants were each sentenced to imprisonment for two years and to pay the costs.

The first question raised in this appeal is that the verdict is contrary to the evidence. When the cause was first brought to this court no effort was made to show the court what the evidence consisted of, not even by the stenographic notes of the evidence heard in the lower court. After the hearing in this court, a certified copy of the stenographic notes was filed in the office of the secretary without the slightest authority or legal justification. We cannot approve this method of supplementing the record, and even though the stenographic notes had been properly united to the record, this court has recently held, on a number of occasions, that such stenographic notes cannot be considered on appeal, the cases specially supporting this theory being those of *The People of Porto Rico* v. *Juan de Mata Eligier and Juan del Carmen Grolo,* and *The People of Porto Rico* v. *Eusebio Torres Candelaria.*

One of the appellants alleges that he had previously been convicted of the crime of "riot," and that such conviction was a bar to his conviction upon the charge against him in this cause. It was first sought to raise this question by motion, which required the dismissal of the information against the three defendants because two of them had been previously convicted, one being acquitted of the crime of "riot."

It is evident that the order of the court denying the motion was properly made, because unless the fact that the

prisoners had been previously convicted or acquitted appeared from a perusal of the information, such point should have been raised by an allegation or by evidence introduced at the trial.

The principle involved is similar to that decided by this court in the case of the *Successors of Luis Rosch* v. *Demetrio Guasp.*

The attorney for the appellants alleges in his brief that Hermenegildo Vazquez had pleaded that he had been previously convicted of the crime of "riot."

We agree with the *fiscal* that the two crimes are not necessarily independent of each other. Certainly a man can take part in a riot and while taking part therein may commit an act of assault and battery without the latter being included in the former. See *The People* v. *Bentley,* 77 Cal., 8, and *The People* v. *Majors,* 65 Cal. 145, cited by the *fiscal.*

As has been stated, however, none of these questions can be properly considered by this court, because no evidence has been presented to us.

No other error having been alleged, the decision of the district court should be affirmed.

*Affirmed.*

Chief Justice Quiñones and Justices Hernandez, Figueras and MacLeary concurred.