UNITED STATES v. MacANDREWS & FORBES CO. et al.

(Circuit Court, S. D. New York. January 17, 1907.)

1. CRIMINAL LAW—IDENTICAL OFFENSES.

Where defendants were indicted in separate counts, one for combination and the other for monopoly, in violation of the Sherman anti-trust law (Act July 2, 1890, c. 647, 26 Stat. 209 [U. S. Comp. St. 1901, p. 3200]), such offenses were not identical, but were legally distinct and justified separate punishment on conviction.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Criminal Law, §§ 32, 33.]

2. MONOPOLIES—COMBINATION IN RESTRAINT OF INTERSTATE COMMERCE—EVIDENCE—OVERT ACTS.

A combination in restraint of interstate commerce in violation of the Sherman anti-trust law was proven when the combination was shown to exist with intent to bring about restraint on interstate commerce; the overt acts being merely cumulative evidence from which the intent, purpose and continuance of the combination might be inferred.

On Defendants' Motion in Arrest of Judgment and to Set Aside the Verdict.

Henry W. Taft, Sp. Asst. Atty. Gen.

Delancey Nicoll and John D. Lindsay, for defendants.

HOUGH, District Judge. The indictment which was considered on demurrer in opinion filed herein December 3, 1906 (149 Fed. 823), having come on for trial, and resulted in a verdict of guilty against the corporate defendants upon the first and third counts only—i. e., those for combination and monopoly under the Sherman anti-trust law (Act July 2, 1890, c. 647, 26 Stat. 209 [U. S. Comp. St. 1901, p. 3200])—motion is now made to set aside the verdict upon numerous grounds, as to all which except one I have in the opinion referred to expressed my views, and to those views I adhere.

It is now urged that the charges of combination and monopoly as stated in the indictment and explained by the evidence constitute but one offense, and that, therefore, either (1) the verdict is void and judgment thereon unlawful, or (2) that no punishment can be awarded upon more than one count, as to impose a fine under both counts would amount to a double punishment for the same offense. This problem differs from that presented on demurrer. The indictment in form correctly charges both a combination and a monopoly; and circumstances certainly exist under which the evidence to support the charge of combination would be quite different from that proving monopoly. It is clear, also, that the two charges might not be provable against the same individuals; but with the testimony before the court it is apparent that the evidence here was in some sense applicable to both charges, and, as the verdict shows, affected both defendants. If all the crimes charged against a given person are committed in accomplishing one unlawful action or in bringing about one unlawfully desired result, it is clearly improper to split up the transaction into as many parts as there are crimes incident to the fulfillment of unlawful desire, and thus multiply punishment by multiplying indictments or counts.

It appears to me that the decisions relied on by the defendants depends solely on this admitted principle. Thus the forgery of a bond and mortgage is but one unlawful transaction, and separate indictments will not lie for forging the two instruments. People v. Peck, 4 N. Y. Cr. R. 148. And the obligation of street commissioners to keep the highways in repair is a single duty, and there cannot be separate indictments or counts each alleging a failure to keep a particular street in repair and all speaking as of the same date. State v. Commissioners, 6 N. C. 371. So, also, a conviction for arson is a bar to an indictment for murder in compassing the death of one burned in the building. State v. Cooper, 13 N. J. Law, 361, 25 Am. Dec. 490, because the arson and the murder were simply successive stages of one offense. The true test of the correctness of the defendants' position is whether upon a review of both the facts and the law identity exists between the offenses proved in this case and called in the first combination and in the third monopoly. If identity does exist, a conviction under either count would be a bar to a prosecution on the other, and therefore a bar to punishment on both. The rule regarding identity of offenses is to discover whether the crimes under considera-

tion are in substance precisely the same, or of the same nature or species, or that one crime is an ingredient of the other. In this case the crimes of monopoly and combination are legally distinct. The offense under the first count was complete when the combination was actually formed with intent to bring about restraint of interstate commerce. The additional overt acts were but cumulative evidence from which the true intent, purpose, and continuance of the combination might be inferred. But they were themselves the proof of the monopoly, and the monopoly consisted in their aggregate effect. That the prosecution in overwhelmingly proving the existence, and intent, and continuance of the combination proved the monopoly does not in my opinion render the offenses identical, merely because all the evidence offered was in a sense applicable to both counts. How slight the difference may be to deprive the plea of former jeopardy or autrefois convict of validity the cases clearly show. Identity of time so that it was impossible to separate the evidence regarding them, is not sufficient. People v. Bentley, 77 Cal. 7, 18 Pac. 799, 11 Am. St. Rep. 225. Identity of name, though difference in substance, is no bar. Gully v. State, 116 Ga. 529, 42 S. E. 790. An acquittal for larceny of bonds is no bar to a conviction for fraudulent conversion thereof. Commonwealth v. Tenney, 97 Mass. 50. A burglary on the second floor of a house is a different crime from robbery on the first floor, though the interval between the events is no longer than is required for the criminal to go downstairs (People v. Kerm, 8 Utah, 268, 30 Pac. 988), and an acquittal of murder by a shot from a gun is not a bar to accusation for the same murder by using the gun as a club (Guedel v. People, 43 Ill. 226). See, also, Polinsky v. People, 73 N. Y. 65, where the offense of selling adulterated milk under one statute is regarded as a different crime from bringing adulterated milk into the city for sale under another statute.

Believing that the offenses of combination and monopoly are different in law, and different in substance and effect, it is necessary to deny all the motions now pending and made by the defendants either jointly or severally. It is the judgment of the court that the MacAndrews & Forbes Company be upon its conviction under the first count of this indictment fined the sum of $5,000, and that the same company be upon its conviction under the third count of the indictment fined the sum of $5,000 and that the J. S. Young Company be upon its conviction under the first count of the indictment fined the sum of $4,000, and that the same company be upon its conviction under the third count of the indictment fined the sum of $4,000.