[Crim. No. 871.  First Appellate District, Division One.—December 11, 1919.]

THE PEOPLE, Respondent, v. SALVATORE CIULLA, Appellant.

[1] CRIMINAL LAW—TWO OFFENSES IN ONE TRANSACTION—CONVICTION OF ONE—PLEA IN BAR.—Where one offense is a necessary element of another, and both are in fact one transaction, a judgment on one is a bar to a judgment upon the other.

[2] ID.—CONVICTION OF RAPE—PROSECUTION FOR KIDNAPING—IDENTITY OF OFFENSES—ONCE IN JEOPARDY.—The offenses of rape and kidnaping are not identical, and one is not a necessary element of the other; therefore, in a prosecution for the crime of kidnaping, evidence of a prior conviction of rape committed on the prosecuting witness on the same day as the kidnaping, but at a later hour, is not admissible in support of a plea of once in jeopardy and a former conviction.

APPEAL from a judgment of the Superior Court of Santa Clara County. J. R. Welch, Judge. Affirmed.

The facts are stated in the opinion of the court.

C. D. Cavallaro and O. H. Speciale for Appellant.

U. S. Webb, Attorney-General, for Respondent.

2. Former jeopardy in cases of sexual offenses, note, L. R. A. 1915A, 256.

WASTE, P. J.—The defendant was convicted of a violation of section 207 of the Penal Code, having been charged with the kidnaping of Mary Schiro, an unmarried Italian woman twenty-two years of age, and the taking and carrying her from the city of San Jose to another portion of the county of Santa Clara, some miles away. The defendant made no defense to the charge upon its merits, but contented himself with standing upon a special plea of once in jeopardy, and a former conviction. He appeals from the judgment of conviction, and from the order denying his motion for new trial. The facts of the case are reviewed in *People* v. *Ciulla, ante,* p. 719, [187 Pac. 46]. The same witnesses were called as in the other case, and repeated the story as there narrated. The defendant then offered in evidence in support of his special pleas, the information in the rape case, the minutes of the court's proceedings in that matter, and the transcript of the evidence of the witnesses, to which evidence the prosecution objected, and was sustained by the court.

[1] The appellant relies upon the rule of law that where one offense is a necessary element of another, and both were in fact one transaction, a judgment on one is a bar to a judgment upon the other. The prosecution concedes that to be the law. (*People* v. *Defoor,* 100 Cal. 150, [34 Pac. 642]; *People* v. *McDaniels,* 137 Cal. 192, [92 Am. St. Rep. 81, 59 L. R. A. 578, 69 Pac. 1006].) But the appellant fails to point out wherein the offenses of rape and kidnaping are identical. He advances no argument, nor citation of authority, to the effect that one is a necessary element of the other.

[2] On the other hand, the authorities sustain a view contrary to that advanced by the appellant. In *People* v. *Bentley,* 77 Cal. 7, 8, [11 Am. St. Rep. 225, 18 Pac. 799], the defendant was on trial for an attempt to commit robbery. He contended that he had been formerly convicted of the same offense, which he alleged to be a bar to the prosecution. He offered evidence tending to show that he had been convicted of an assault with a deadly weapon, under an information charging an assault with intent to commit murder. It appeared that the first thing done by the defendant and his confederate in that case was an attempt to intimidate and rob; the next was to attack with

a deadly weapon. The lower court refused to admit the evidence. The defendant was convicted, and appealed. The supreme court sustained the ruling excluding the evidence, saying: "If the offenses do not possess the same elements, although both relate to the same transaction, it would seem that both may be punished." In *People* v. *Majors,* 65 Cal. 138, at p. 143, [52 Am. Rep. 295, 3 Pac. 597, 601], our supreme court quoted approvingly from *State* v. *Elder,* 65 Ind. 282, [32 Am. Rep. 69], and *State* v. *Hattabough,* 66 Ind. 223, as follows:

"In the first case (reported in 65 Ind.) the rule on the subject we are now treating is stated as follows: 'When the same facts constitute two or more offenses, wherein the lesser offense is not necessarily included [involved] in the greater, and when the facts necessary to convict in the second prosecution would not necessarily have convicted in the first, then the first prosecution will not be a bar to the second, *although the offenses were both committed at the same time and by the same act.*' And in the other case (66 Ind.) it is said: 'The usual test by which to determine whether the former conviction or acquittal was for the same offense as that charged in the second prosecution, and therefore whether the former is a bar to the latter, is to inquire whether the evidence necessary to sustain the latter would have justified a conviction in the former case.'"

Applying the rule last stated, we do not see how it can be consistently argued that the evidence necessary to support the charge of kidnaping would be sufficient to sustain a conviction on the charge of rape, which was involved in the former case. Facts establishing the crime of kidnaping beyond any and all reasonable doubt might in the instant case fall far short of sustaining the other offense. To the same effect are *People* v. *Devlin,* 143 Cal. 128, [76 Pac. 900], and *People* v. *Kerrick,* 144 Cal. 46, [77 Pac. 711]. The kidnaping of the complaining witness was completed on the morning of April 7, 1919, when the defendant and his confederates forcibly seized and carried her away from San Jose to the home of one of them a number of miles distant in the same county. The act of rape upon the prosecutrix was committed later in the same day, when the defendant and his confederates overcame her resistance by force and

violence, in order that he might commit the act of sexual intercourse upon her. The judgment and the order appealed from are affirmed.

Kerrigan, J., and Wood, J., *pro tem.*, concurred.