[Crim. No. 3064.   Second Appellate District, Division Two.—February 15, 1938.]

THE PEOPLE, Respondent, v. DOUGLAS J. VENABLE, Appellant.

William J. Clark for Appellant.

U. S. Webb, Attorney-General, and Alberta Belford, Deputy Attorney-General, for Respondent.

WOOD, J.—Defendant was charged in the information with the crime of grand theft and in a second count with the crime of forgery. At a trial before the court without a jury he was found guilty on both counts. He prosecutes this appeal from the judgment.

On the charge of grand theft it was proved that one M. Farman attempted to purchase an automobile from defendant for the total sum of $627. She delivered to him part of the purchase price in cash and later gave him a check for $432. The car was never delivered to her. On the count charging forgery it was established that at the time defendant received the check for $432 he executed and delivered a forged receipt for $627.

Defendant contends that the prosecution may not charge both grand theft and forgery under the circumstances of the case, arguing that the acts shown in evidence constituted a single transaction. There is no merit in the contention.

The test is the identity of the offenses as distinguished from the identity of the transactions from which they arise. A defendant may be convicted of two separate offenses arising out of the same transaction when each offense is stated in a separate count and when the two offenses differ in their necessary elements and one is not included within the other. (*People* v. *Zimmer,* 23 Cal. App. (2d) 581 [73 Pac. (2d) 923]; *People* v. *Majors,* 65 Cal. 138, 145 [3 Pac. 597, 52 Am. Rep. 295]; *People* v. *Bentley,* 77 Cal. 7, 9 [18 Pac. 799, 11 Am. St. Rep. 225]; *People* v. *Ciulla,* 44 Cal. App. 725, 726 [187 Pac. 49]; *People* v. *Brannon,* 70 Cal. App. 225, 228 [233 Pac. 88]; *People* v. *Herbert,* 6 Cal. (2d) 541, 547 [58 Pac. (2d) 909].)

The judgment is affirmed.

Crail, P. J., concurred.

McCOMB, J., Concurring.—I concur in the judgment. However, I do not believe the appeal is properly before this court.