[Crim. No. 3667. Second Dist., Div. Three. July 7, 1943.]

THE PEOPLE, Respondent, v. LINCOLN SHERWIN THOMAS et al., Appellants.

586

Frederic H. Vercoe, Public Defender, and William B. Neeley, Deputy Public Defender, for Appellants.

Robert W. Kenny, Attorney General, and Eugene M. Elson, Deputy Attorney General, for Respondent.

SHINN, Acting P. J.—Defendants Thomas, Johnson, and Hernandez were jointly charged by information with the crimes of robbery (Count I) and assault by means of force likely to produce great bodily injury (Count II). These separate offenses were committed in the course of the same series of acts, which consisted of a beating administered to a soldier in an alley close by a cafe and bar frequented by Negroes, in which the soldier had been treating the defendants to beer until the place closed at about 2 a. m. After knocking their victim down and fracturing his jaw and nose, thereby rendering him unconscious, the defendants left him in the alley and shortly thereafter divided among themselves $10 which one of them had taken from the soldier's pocket while he lay unconscious. Defendants pleaded guilty to the charge of assault by means of force likely to produce great bodily injury (Count II), and not guilty to the charge of robbery (Count I). When placed on trial for the latter crime they interposed a plea of once in jeopardy and at the conclusion of their trial moved to dismiss the robbery charge, upon the grounds of former conviction and former jeopardy. The motions were denied, defendants were found guilty of robbery and were sentenced for each crime, to state prison for the crime of robbery and to the county jail for the assault,

the sentences to run concurrently. All of them have appealed from the conviction of robbery.

The sole ground urged for reversal is that the pleas of guilty to the charge of assault by means of force likely to produce great bodily injury were a bar to the prosecutions for robbery. The contention is that because the crime of simple assault is necessarily included in each of said felonies, a conviction or acquittal of one would bar prosecution for the other. No authority is cited which supports this proposition and it clearly is not the law. The state Constitution, section 13, article I, provides that no person shall be twice put in jeopardy for the same offense, and sections 687 and 1023 of the Penal Code provide in substance that one who has been convicted or acquitted may not be prosecuted again for the offense first charged or an offense necessarily included therein.

By the first count of the information it was charged that defendants forcibly took from the person and immediate presence of the victim $10, and that the robbery was accomplished by means of force used by the defendants upon the victim and also by then and there putting him in fear. We may therefore assume, without deciding, that upon this count defendants could have been convicted of simple assault. *(People* v. *Driscoll,* (1942) 53 Cal.App.2d 590, 593 [128 P.2d 382].) Had they gone to trial on the second count they could also have been convicted of simple assault.

■ It is the settled law of California that convictions may be had for more than one offense committed by means of a single act or series of acts, where there is an element of one crime not found in the other and where in a prosecution for either one of the offenses there could not have been a conviction of the other. *(People* v. *McIlvain,* (1942) 55 Cal.App. 2d 322, 327-8, 329 [130 P.2d 131]; *People* v. *Warren,* (1940) 16 Cal.2d 103, 111 [104 P.2d 1024]; *People* v. *Venable,* (1938) 25 Cal.App.2d 73 [76 P.2d 523]; *People* v. *Zimmer,* (1937) 23 Cal.App.2d 581, 586 [73 P.2d 923]; *People* v. *Coltrin,* (1936) 5 Cal.2d 649, 660 [55 P.2d 1161]; *In re O'Connor,* (1927) 80 Cal.App. 647, 651 [252 P. 730]; *People* v. *Day,* (1926) 199 Cal. 78, 86-7 [248 P. 250]; *People* v. *Parker,* (1925) 74 Cal.App. 540, 549 [241 P. 401]; *People* v. *Brannon,* (1924) 70 Cal.App. 225 [233 P. 88]; *People* v. *Ciulla,* (1919) 44 Cal. App. 725 [187 P. 49]; *People* v. *Devlin,* (1904) 143 Cal. 128

[76 P. 900]; *People* v. *Bentley,* (1888) 77 Cal. 7 [18 P. 799, 11 Am.St.Rep. 225]; *People* v. *Majors,* (1884) 65 Cal. 138 [3 P. 597, 52 Am.St.Rep. 295].)

■ The two felonies charged to appellants, having different essential elements, are separate and distinct offenses within the rule stated in the foregoing cases. Neither offense is included within the other and appellants in a prosecution for one of the offenses could not have been convicted of the other. Appellants' contention is not that they have been convicted twice of the same offense or that either of the offenses of which they have been convicted is included in the other. They say only that they might have been convicted of simple assault in either prosecution, which is correct, but they overlook the important fact that in neither prosecution were they adjudged guilty only of the offense of simple assault. After appellants had pleaded guilty to the aggravated assault charged in the second count, they could not have been convicted of simple assault in a prosecution under Count I, because simple assault is an offense necessarily included within the aggravated assault charged. And if they had pleaded guilty to simple assault under Count II, they could not have been convicted of simple assault under Count I, because that would have been a second conviction of the identical offense to which they had pleaded guilty. But as the case stands, appellants have not been convicted twice of the same offense nor have they been convicted under Count I (robbery by the use of force upon their victim) of an offense necessarily included, or included at all, within the offense charged in Count II (assault by means of force likely to produce great bodily injury).

Appellants' argument amounts only to this: that in prosecutions for two distinct and different felonies, each involving an element of criminality not found in the other, and each involving the act of assault constituting the offense of simple assault, there can be a conviction of one or the other of the major crimes but not convictions of both. There is no constitutional or statutory law which supports this argument, nor have our courts ever so held. ■ In prosecutions for crimes of personal violence involving the act of assault, but one or more additional elements, conviction of the greater offense is legally the equivalent of a conviction of all included offenses and bars further prosecution, under

the familiar rule that the major offense cannot be split up so as to allow a separate prosecution for each included offense. *(People* v. *Mendoza,* (1942) 55 Cal.App.2d 625 [131 P.2d 622] ; *People* v. *McDaniels,* (1902) 137 Cal. 192 [69 P. 1006, 92 Am.St.Rep. 81, 59 L.R.A. 578].) No more can any of the included offenses be split up as a basis for separate prosecutions. Acquittal operates in the same way. No such double prosecution has occurred in the cases of appellants. They stand convicted of two felonies, each involving an act of assault upon the person of their victim, but each involving an element distinguishing the major offense from the offense of simple assault. They would have us hold that they have been convicted twice solely of the offense of simple assault, which is true only in the sense that the plea of guilty in the one case or the conviction in the other would have barred further prosecution for the offense of simple assault or any other included offense. But all that has happened is that they have been convicted of two felonies committed in the course of a continuous series of acts, which offenses have the common element of assault on the person of the victim constituting the offense of simple assault.

 While the law jealously protects a culprit from double punishment, it does not allow him to commit two separate and distinct offenses for the price of one merely because they have some minor common. element. Here the defendants assaulted their victim with great violence, rendering him unconscious, and while he was unconscious they robbed him; they might just as well have robbed him or attempted to rob him first and attacked him afterwards, as was the case in *People* v. *Bentley, supra,* (1888) 77 Cal. 7. It would be wholly illogical to say that in either case one of the major crimes must go unpunished because, perchance, appellants in each felony prosecution might have been, although they were not, convicted only of the offense of simple assault. Of course, as we have said, two convictions of simple assault could not stand. A plea of guilty to simple assault in one case and a conviction of simple assault in the other, would be an acquittal of the greater offenses charged and would eliminate the elements which distinguish each of the major offenses from the other and from the offense of simple assault. But the judgments here establish the existence of those distinct elements as realities and they cannot be ignored.

Appellants are subject to punishment for the offense of assault by means of force likely to produce great bodily injury and for the offense of robbery, because these are separate and distinct offenses, neither of which is necessarily included within the other. Although the *act* of assault is involved in each, in neither case can it be said that defendants are suffering punishment for the mere *offense* of simple assault and they are therefore not suffering double punishment.

We do not intend that anything we have said should be construed as applying to a hypothetical situation where the defendants had pleaded guilty to simple assault under Count II and had later been prosecuted for robbery under Count I. We do not have that situation. We agree with appellants' contention only thus far, that if defendants, after their plea of guilty under Count II, had been convicted of simple assault under Count I, the conviction could not stand. But we do not have such a case.

The judgments are affirmed.

Wood (Parker), J., and Shaw, J. pro tem., concurred.

A petition for a rehearing was denied July 16, 1943, and appellants' petition for a hearing by the Supreme Court was denied August 5, 1943.