[Civ. No. 24904. Second Dist., Div. Two. Sept. 29, 1960.]

JAMES RONALD HIGGINS, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Ramsey & Emlein for Petitioner.

William B. McKesson, District Attorney, Harry Wood and Harry B. Sondheim, Deputy District Attorneys, for Respondent.

KINCAID, J. pro tem.*—Petitioner seeks prohibition to restrain the respondent court from trying him on an information charging him with assault by means of force likely to produce great bodily injury, a felony. (Pen. Code, § 245.)

Petitioner was originally charged solely with the crime of robbery, the felonious taking of personal property in the possession of another, from his person or immediate presence and against his will, accomplished by means of force or fear. (Pen. Code, § 211.)

It appears from the record before us that there was some evidence at the trial, which if believed, shows that the alleged victim was choked and pummeled by petitioner for several minutes while the victim's roll of currency was allegedly being taken from his person, and that the petitioner had admitted that he had assaulted the victim because he was enraged at him although denying that he had robbed him.

Notwithstanding that petitioner was charged only with the crime of robbery, the trial court, after evidence received and at the request of the prosecution, instructed the jury that it could find one of the following verdicts: not guilty; guilty of robbery, a felony; guilty of assault by means of force likely to produce great bodily injury, a felony; and guilty of assault, a misdemeanor.

The jury found petitioner guilty of assault by means of force likely to produce great bodily injury, a felony. No objection to the entry of judgment on the verdict was made by petitioner nor did he appeal therefrom.

Petitioner's subsequent motion for a new trial was granted, and an amended information was filed charging him with

*Assigned by Chairman of Judicial Council.

robbery, Count I, and with assault by means of force likely to produce great bodily injury, Count II.

Petitioner entered special pleas of former acquittal and once in jeopardy as to said Count I and of once in jeopardy as to Count II. His objections were sustained as to Count I, but were overruled as to said Count II.

Petitioner contends that he will now be forced to face trial for a charge as to which he allegedly has previously been in jeopardy, and he seeks a writ of prohibition to restrain the respondent court from trying him on the amended information charging him with the crime of assault by means of force likely to produce great bodily injury. (Pen. Code, § 245.)

 The question presented is whether, under the foregoing facts, petitioner may be tried for the crime of assault by means of force likely to produce great bodily injury without violating the prohibition against double jeopardy? For the reasons hereinafter stated we have concluded that petitioner has not been in jeopardy so as to prevent the court from proceeding with the trial under Count II of the amended information.

 Convictions may be had for more than one offense committed by means of a single act or series of acts, where there is an element of one crime not found in the other and where in a prosecution for either one of the offenses there could not have been a conviction of the other. The two felonies, robbery and assault by means of force likely to produce great bodily injury, have different essential elements and are separate and distinct offenses. Neither offense is included within the other and petitioner, in a prosecution for one of the offenses could not have been convicted of the other. (*People* v. *Thomas,* 59 Cal.App.2d 585, 587-588 [139 P.2d 359].) It follows that, had petitioner originally been charged with both offenses, instead of the single offense of robbery, he could have been convicted of both if the evidence independently supported both charges.

Petitioner argues that he was in jeopardy for the crime of simple assault at the first trial because that crime is one necessarily included in robbery; that, because the jury elected to return a verdict of guilty for the unincluded offense of assault by means of force likely to produce great bodily injury, such verdict not only impliedly found petitioner not guilty of robbery but likewise of simple assault. This contention may not be sustained.

The return by the jury of said verdict, the form of which

was erroneously submitted to them as representing a lesser but necessarily included offense, had the effect of impliedly acquitting petitioner of robbery, the one offense with which he was then charged. (*In re Hess,* 45 Cal.2d 171, 176 [288 P.2d 5].) In considering the possible alternative verdicts of greater and lesser assault, the jury elected to convict on the greater. This act may not then be construed as constituting an acquittal, either express or implied, of the lesser offense. Had the greater assault offense not been before them for their consideration they may possibly have found against petitioner on the lesser. They did not find on the latter charge and he was not in jeopardy therefor.

Furthermore, although the act of assault is involved in each of the crimes of robbery and assault by means of force likely to produce great bodily injury, they are separate offenses with distinct and different elements as realities. A defendant, guilty of both crimes, may not go unpunished because, perchance in each felony prosecution, he might have been convicted of simple assault. (*People* v. *Thomas, supra,* 59 Cal.App.2d 585, 589.)

In *Thomas,* the appellants had been jointly charged with robbery (Count I) and assault by means of force likely to produce great bodily injury (Count II). These separate offenses were committed in the course of the same series of acts with one victim. They pleaded guilty to Count II and, following trial were convicted of robbery. The sole ground of appeal was the contention that the plea of guilty to the felony assault charge constituted a bar to their prosecution on the robbery count because the crime of simple assault is necessarily included in each of said felonies, a conviction or acquittal of which would bar prosecution of the other. The court replied: ''No authority is cited which supports this proposition and it clearly is not the law. The state Constitution, section 13, article I, provides that no person shall be twice put in jeopardy for the same offense, and sections 687 and 1023 of the Penal Code provide in substance that one who has been convicted or acquitted may not be prosecuted again for the offense first charged or an offense necessarily included therein.

''By the first count of the information it was charged that defendants forcibly took from the person and immediate presence of the victim $10, and that the robbery was accomplished by means of force used by the defendants upon the victim and also by then and there putting him in fear.

We may therefore assume, without deciding, that upon this count defendants could have been convicted of simple assault. [Citation.] Had they gone to trial on the second count they could also have been convicted of simple assault. . . . Appellants' argument amounts only to this: that in prosecutions for two distinct and different felonies, each involving an element of criminality not found in the other, and each involving the act of assault constituting the offense of simple assault, there can be a conviction of one or the other of the major crimes but not convictions of both. There is no constitutional or statutory law which supports this argument, nor have our courts ever so held. In prosecutions for crimes of personal violence involving the act of assault, but one or more additional elements, conviction of the greater offense is legally the equivalent of a conviction of all included offenses. . . . No more can any of the included offenses be split up as a basis for separate prosecutions. Acquittal operates in the same way. No such double prosecution has occurred in the cases of appellants. They stand convicted of two felonies, each involving an act of assault upon the person of their victim, but each involving an element distinguishing the major offense from the offense of simple assault. They would have us hold that they have been convicted twice solely of the offense of simple assault, which is true only in the sense that the plea of guilty in the one case or the conviction in the other would have barred further prosecution for the offense of simple assault or any other included offense. But all that has happened is that they have been convicted of two felonies committed in the course of a continuous series of acts, which offenses have the common element of assault on the person of the victim constituting the offense of simple assault.

"While the law jealously protects a culprit from double punishment, it does not allow him to commit two separate and distinct offenses for the price of one merely because they have some minor common element."

In the instant case petitioner not only does not stand convicted of any crime, he has not, previous to the filing of the amended information, been charged with the distinctly separate offense of assault by means of force likely to produce great bodily injury. ▉ "A person cannot be convicted of an offense (other than a necessarily included offense) not charged against him by indictment or information, whether or not there was evidence at his trial to show that he had

committed that offense.'' (*In re Hess, supra*, 45 Cal.2d 171, 174-175.)

In *Hess* the petitioner had been charged with and tried for the crime of forcible rape. The jury found him guilty of what they erroneously considered to be the lesser but included offense of contributing to the delinquency of a minor. In holding that the return of this verdict had the effect of impliedly acquitting the defendant of rape, the court pointed out: ''Finally it should be noted that neither the granting of the writ in this case nor petitioner's invalid conviction of contributing to the delinquency of a minor will prevent his being properly charged with and tried for that offense. Even if it is assumed that he has been in jeopardy with respect to such contributing, despite the failure of the information to charge that offense or one in which it was included, by failing to object to the entry of judgment on the defective verdict and by collaterally attacking the judgment in this proceeding petitioner had impliedly waived any objection to being retried on the charge of which he was improperly convicted.''

The fact that petitioner was in effect acquitted of the crime of robbery does not establish that he has been in jeopardy for the crime of assault by means of force likely to produce great bodily injury. Furthermore, by failing to object to the entry of judgment on the defective verdict heretofore returned against him and by collaterally attacking the judgment in this proceeding, petitioner has impliedly waived any objection to being tried on the charge of which he was improperly convicted. (*In re Hess, supra; People* v. *Ham Tong*, 155 Cal. 579, 581-584 [102 P. 263, 132 Am.St. Rep. 110, 24 L.R.A. N.S. 481].)

The alternative writ heretofore issued herein is discharged and the petition for peremptory writ of prohibition is denied.

Fox, P. J., concurred.

Ashburn, J., dissented.

Petitioner's application for a hearing by the Supreme Court was denied November 23, 1960.