[Crim. No. 50.   Department Two.—December 10, 1895.]

## THE PEOPLE, RESPONDENT, *v.* CHARLES W. WARD, APPELLANT.

CRIMINAL LAW—BRIBERY—SUFFICIENCY OF INDICTMENT.—An indictment charging a defendant with willfully and feloniously giving a bribe to a member of a board of supervisors, with intent to corruptly influence him in a certain matter, but not containing any averment of any act or acts bringing the alleged conduct within the legal meaning of bribery, and not stating the particular circumstances of the offense charged, is insufficient, and a demurrer thereto should be sustained.

ID.—AVERMENT OF BRIBERY—CONCLUSION OF LAW.—A general averment in an indictment that the defendant bribed a certain person to do a certain thing is the averment of a legal conclusion only.

ID.—FOLLOWING LANGUAGE OF STATUTE—EXCEPTION TO RULE — CIRCUMSTANCES CONSTITUTING OFFENSE.—The general rule that an indictment is sufficient if it substantially follows the language of the statute prohibiting the offense charged does not apply to a case where particular circumstances of the offense are necessary to constitute a complete offense, but only applies when such statute defines or describes the acts which constitute the particular offense; and it is not sufficient to follow the general words of section 165 of the Penal Code, providing that "every person who gives or offers a bribe" to one of several officers named, etc., is punishable in a certain manner; but it is essential that the acts constituting the bribe, as defined in subdivision 6 of section 7 of the Penal Code, be specified with reasonable certainty, so as to enable the defendant to answer the specific charge described in section 7 as constituting the offense of bribery.

CX. CAL.—24

APPEAL from a judgment of the Superior Court of the County of San Joaquin. ANSEL SMITH, Judge.

The facts are stated in the opinion of the court.

*William M. Gibson,* and *J. G. Swinnerton,* for Appellant.

An indictment on a statute must contain all the elements named in the statute defining the offense. (Pen. Code, secs. 165, 167; *People* v. *Schmidt,* 63 Cal. 28; *People* v. *Turnbull,* 93 Cal. 630; *People* v. *Williams,* 35 Cal. 671; *People* v. *Carroll,* 80 Cal. 153; *People* v. *Hanselman,* 76 Cal. 460; 9 Am. St. Rep. 238; *People* v. *Ross,* 103 Cal. 425; *People* v. *McKenna,* 81 Cal. 159; *People* v. *Neil,* 91 Cal. 468.)

*W. F. Fitzgerald, Attorney General,* and *Charles H. Jackson, Deputy Attorney General,* for Respondent.

Following the language of section 165 of the Penal Code, in conjunction with the word "bribe," comprehends all the elements of the crime. (*People* v. *Rogers,* 81 Cal. 209; *People* v. *Forney,* 81 Cal. 118; *People* v. *Keeley,* 81 Cal. 210; *People* v. *Rozelle,* 78 Cal. 89; *People* v. *Fowler,* 88 Cal. 136; *People* v. *Russell,* 81 Cal. 616; *People* v. *Mahlman,* 82 Cal. 585; *People* v. *Savercool,* 81 Cal. 650; *People* v. *Naylor,* 82 Cal. 608; *People* v. *Tonielli,* 81 Cal. 275; *People* v. *Edson,* 68 Cal. 549; *People* v. *Markham,* 64 Cal. 157; 49 Am. Rep. 700.)

*W. B. Nutter, District Attorney,* and *Marion De Vries, Assistant District Attorney,* for Respondent, upon Petition for Rehearing.

Section 7 of subdivision 6 of the Penal Code prescribes only a rule of evidence. (*People* v. *Donaldson,* 70 Cal. 116.) Where the offense is prohibited in general terms in one section of the statute, and another distinct section defines the offense more particularly, it is sufficient to follow the general description in the language of the statute. (*State* v. *Casey,* 45 Me. 436; *Wat-*

son v. *State*, 39 Ohio St. 126; *People* v. *Shaber*, 32 Cal.
36; *People* v. *Fuqua*, 58 Cal. 245; *People* v. *Savercool*, 81
Cal. 650; *People* v. *Congleton*, 44 Cal. 92–94; *People* v.
*King*, 27 Cal. 511; 87 Am. Dec. 95; *People* v. *Cronin*,
34 Cal. 201; *United States* v. *Simmons*, 96 U. S. 364.)

McFARLAND, J.—The appellant was convicted of the
" crime of giving a bribe," and appeals from the judg-
ment and from an order denying a motion for a new
trial.

The appellant demurred to the indictment upon the
grounds that it does not substantially comply with the
requirements of sections 950 and 952 of the Penal Code.
His demurrer was overruled, and we think that the court
erred in overruling it.

The indictment charges that the appellant did will-
fully, feloniously, etc., " give a bribe" to a certain
member of the board of supervisors, with intent to cor-
ruptly influence him in a certain matter; but it does
not contain any averment of any act of appellant which
brings his alleged conduct within the legal meaning of
bribery.  The indictment would be the same if it had
merely charged, generally, that defendant " bribed " a
certain person to do a certain thing.  This would be
the averment of a legal conclusion only, and as bad as
a mere general averment that a defendant " murdered "
somebody or " stole" something.

Section 950 of the Penal Code provides that the in-
dictment shall contain " a statement of *the acts* consti-
tuting the offense in ordinary and concise language";
and section 952 provides that " it must be direct and
certain as it regards, . . . . 3. The particular circum-
stances of the offense charged when they are necessary
to constitute a complete offense."

Subdivision 6 of section 7 of the Penal Code provides
as follows: " The word ' bribe' signifies anything of
value or advantage, present or prospective, or any
promise or undertaking to give any, asked, given, or
accepted, with a corrupt intent to influence, unlawfully,

the person to whom it is given, in his action, vote, or opinion, in any public or official capacity"; and section 165 provides that "every person who gives or offers a bribe" to one of several officers named, with intent, etc., is punishable in a certain manner. And counsel for respondents contend that the indictment is good, because, as they say, "it follows the language of the statute."

This court has said several times, in general terms, that an indictment is sufficient if it substantially follows the language of the statute. This is true generally, but not universally. It is not true of a case where "the particular circumstances . . . . are necessary to constitute a complete offense." The rule especially applies to purely statutory offenses. But what does the rule mean? It means simply this: that when the statute defines or describes the acts which shall constitute a particular offense, it is sufficient in an indictment to describe those acts in the language employed in the statute, applying them, of course, concretely to the person charged. One of the earliest cases on the subject is *People* v. *Parsons*, 6 Cal. 487. In that case the indictment was for perjury, and left out the word "feloniously"; and it was held good, because in the statutory definition of the crime of perjury the word "feloniously" was not used. In its opinion the court said: "The indictment in this cause charged the offense in the words of the statute defining it; . . . . time, place, and *circumstance* are stated with certainty, and every information is given to the defendant which is *necessary to enable him to answer the charge.*" There the words of the statute defining the offense were used in the indictment. *People* v. *Shaber*, 32 Cal. 36, is another early case. There the court, in sustaining the indictment, said: "The indictment charges the offense in the very terms used *in defining it* in the fifty-eighth section of the Crimes Act." And even in that case Sanderson, J., dissented, saying that it was a familiar principle in all pleadings that "the facts are to be stated to the exclusion of conclusions of

law to be drawn therefrom." And in the cases follow-
ing these earlier ones it will be found that the rule de-
clared on the subject is simply that an indictment is
good if it alleges all the facts or acts necessary to con-
stitute the particular offense charged in the language
used by the legislature in defining it. For instance,
the meaning of the rule is fully stated by Paterson, J.,
in *People* v. *Fowler*, 88 Cal. 138, as follows: "The infor-
mation follows the language of the statute, and is suffi-
cient. It alleges *all the acts and facts which the legislature
has said shall constitute the offense.*"

The only two cases cited where bribery was involved
are *People* v. *Edson*, 68 Cal. 549, and *People* v. *Markham*,
64 Cal. 157; 49 Am. Rep. 700. In the Edson case the
language of the indictment is not given, but the opinion
refers to the Markham case as authority; and in the
Markham case the indictment charged that the defend-
ant, at a certain time and place, being a police officer,
etc., did "agree to receive a bribe, to wit, *fifteen standard
dollars, lawful coin of the United States of America.*"

Therefore, assuming the general rule, as above ex-
plained, to be that it is sufficient to allege an offense
in the language of the statute, the offense charged in
the case at bar is not alleged in the language of the
statute in the indictment under review. It does not
allege "the acts and facts which the legislature has said
shall constitute the offense." The material acts or facts
constituting the legislative definition of bribery are the
giving to a public officer something "of value or advan-
tage, present or prospective," or giving "any promise"
or entering into any "undertaking" to give something
of value or advantage. There is no averment that ap-
pellant gave the supervisor anything of value, or of ad-
vantage, or that he gave anything at all; or that the
thing was of present or prospective advantage; or that
it was a promise to do something, or an undertaking of
some kind which was, or would be, beneficial to the sup-
ervisor. As said by counsel for appellant: "The defend-
ant is not informed whether the people will prove that

he gave money, a promise of employment, a promise of political influence, a contract, instruction, entertainment, or any other of the many things which might constitute a bribe." It is true that the rules of the common law, with respect to criminal pleading, have been greatly relaxed in this state by legislation and judicial decision, and many of the formalities and particularities formerly deemed necessary are not now required; but the fundamental rule that an indictment must state with reasonable certainty what the defendant is charged with, so as " to enable him to answer the charge," has not been abrogated either by legislature or court. (*People* v. *Lee*, 107 Cal. 477.) An indictment for bribery should aver that the defendant gave something of value or advantage, present or prospective, or some promise or undertaking, or did some act, described by the statute as constituting the offense. A mere use of the language of section 165, which prescribes the punishment, is not charging the offense " in the words of the statute defining it."

The judgment and order appealed from are reversed and the cause is remanded, with instructions to sustain the demurrer to the indictment.

TEMPLE, J., and HENSHAW, J., concurred.

Hearing in Bank denied.