[Crim. No. 907. Second Appellate District, Division Two.—May 16, 1923.]

THE PEOPLE, Respondent, v. W. J. ANDERSON, Appellant.

[1] CRIMINAL LAW — BRIBERY — INDICTMENT IN SISTER STATE — ASSUMPTION OF EXISTENCE — CONTRADICTION — EVIDENCE. — In this prosecution for bribery, in which the defendant was charged with allowing a person indicted in a sister state, to escape in consideration of the payment of a certain sum of money, the evidence having shown that defendant and another deputy sheriff, in making the arrest, assumed the existence of an indictment in such sister state, and under that pretension secured the money in question to influence their official action, defendant was in no position to dispute the fact that such indictment had been returned and was pending; and defendant was not prejudiced by the action of the trial court in permitting the prosecution to place in evidence a purported copy of the indictment in the sister state, even though the prosecution in laying the foundation for the introduction thereof failed to set forth that the attestation thereto was in due form.

[2] ID.—ABSENCE OF INSTRUCTIONS FROM SUPERIOR OFFICER — ESTOPPEL.—The inference having been amply warranted that defend-

---

2. Jurisdiction or authority of officer to act in matter as element of bribery, notes, 14 Ann. Cas. 246; 15 L. R. A. (N. S.) 1173.

ant intended his acts in accompanying the other deputy sheriff and assisting him in the arrest to be regarded as official and that defendant himself considered that throughout the transaction he was acting as a deputy sheriff, the fact that there was evidence indicating that he was never directly instructed by his superior to apprehend the person in question did not require a reversal of the judgment of conviction.

APPEAL from a judgment of the Superior Court of Los Angeles County. Paul J. McCormick, Judge. Affirmed.

The facts are stated in the opinion of the court.

Michael F. Shannon and Thomas A. Wood for Appellant.

U. S. Webb, Attorney-General, John W. Maltman, Deputy Attorney-General, and Lorrin Andrews for Respondent.

CRAIG, J.—Appellant was indicted, together with one Lips, for the crimes of bribery and extortion. The count charging extortion was dismissed and after trial the defendant was found guilty by a jury of the crime of bribery. From the judgment pronounced upon this conviction and a denial of the defendant's motion for a new trial this appeal was taken. Anderson and Lips were detectives in the employ of the county of Los Angeles. The indictment charged that one L. M. Furay had been indicted for grand larceny in the state of Texas; that Lips and Anderson arrested him in Los Angeles county and then allowed him to escape in consideration of a payment of ten thousand dollars made to the officers by Mrs. Furay. The testimony admitted was amply sufficient to sustain these allegations. Upon similar evidence introduced in the case of *People* v. *Lips* it was held in the decision upon appeal (59 Cal. App. 381 [211 Pac. 22]) that the record established a case of bribery under the provisions of section 68 of the Penal Code, which denounces agreements by an officer to receive a bribe "upon any agreement that his vote, opinion or action upon any matter then pending" before him shall be influenced thereby.

[1] In the instant case the principal reason urged for a reversal is that the trial court permitted the prosecution

to place in evidence a purported copy of an indictment against Furay in the county of Tarrant, Texas, charging him with the crime of grand larceny. It is insisted that a proper foundation was not laid for the introduction of this document. Section 1905 of the Code of Civil Procedure provides that a judicial record of a sister state may be proved "by the attestation of the clerk and the seal of the court annexed, if there be a clerk and seal, together with a certificate of the chief judge or presiding magistrate, that the attestation is in due form." The foundation laid by the prosecuting attorney for the introduction of this indictment failed to set forth that the attestation thereto was in due form.

We are of the opinion that the defendant is in no position to dispute the fact that the indictment had been returned and was pending. The evidence shows that he, together with Lips, assumed the existence of an indictment against Furay, and under that pretension, secured ten thousand dollars from Mrs. Furay to influence their official action. The court of appeals of Texas in deciding a similar case said: "It is insisted by counsel for defendant that the arrest and custody of John Gable by the defendant was without authority of law, and that, therefore, it was no offense for the defendant to accept a bribe to release him. We do not so understand the law. It was by virtue of his official authority that the defendant arrested and held John Gable. It matters not whether the arrest and custody were legal or illegal; the said Gable was a prisoner in the custody of the defendant, a peace officer, and was permitted by the defendant to escape, in consideration of money paid him to effect such escape. We are of the opinion that, in a prosecution for this offense, it is not permissible for the defendant to question the legality of his custody of the prisoner." (*Moseley* v. *State,* 25 Tex. App. 515 [8 S. W. 652].)

While the point presented by appellant was not expressly decided in its companion case (*People* v. *Lips,* 59 Cal. App. 381 [211 Pac. 22]), one of similar import was passed upon. It was there held that the fact that Lips and Anderson had no actual authority to arrest Furay was unimportant. No warrant of arrest was placed in their hands or was issued. It was there indicated that the following quotation from 4 Ruling Case Law, 183, paragraph 13, is a substantial state-

ment of the law: "The giving or receiving of money . . . for the purpose of influencing official conduct is not deprived of its criminal character by the fact that the action contemplated is not within the officer's jurisdiction. If he acts in his official capacity—and by this term is meant the doing of such acts as properly belong to the office and are intended by the officer to be official—the offense is complete"; and, further, the opinion reads: "So it is here. Appellant had been instructed by his superior to locate and apprehend Furay, and without doubt he believed that he was acting officially as a deputy sheriff in all that pertained to his activities under the directions of that superior. His action in agreeing to release Furay was corrupt in the last degree, and we find no difficulty under the law in determining that his illicit conduct related to a matter 'pending before him' in his official capacity."

[2] Appellant calls attention to evidence indicating that he was never directly instructed by his superior officer to apprehend Furay. Regardless of this, the inference was amply warranted that he intended his acts in accompanying Lips and assisting him to be regarded as official and that he himself considered that throughout the transaction he was acting as a deputy sheriff. If it be intended in referring to Anderson's testimony to the effect that he did not know of the reasons for the trips that were taken in negotiating with Mrs. Furay for the money and securing it, and the other evidence which might indicate that he had no official part in the matter, to maintain that the evidence is insufficient to connect him with the offense, we must disagree with appellant's counsel. Mrs. Furay testified that she stated to Anderson that she thought it was awful "to take that money away from the boy, because it meant everything to him," and he replied, "Yes, but it is the best way to fix it." From this evidence and the appellant's conduct in assisting Lips throughout, the jury were justified in concluding that Anderson acted knowingly. If so, the facts in the instant case did not differ in any material respect from those presented against Lips. It is immaterial that the element of criminal intent on the part of Anderson was established by more indirect evidence than was that of Lips. Anderson's connection with this offense of bribery was established. He was shown to have agreed, for a cor-

rupt consideration to allow Furay to escape from the custody of the state whose authority he and Lips purported to represent. We think that for the purpose of this prosecution the matter of Furay's arrest was a "matter then pending" regardless of the actual existence of an indictment against him in Texas.

The judgment is affirmed.

Finlayson, P. J., and Works, J., concurred.