[Crim. No. 2400.   First Dist., Div. Two.   June 19, 1946.]

THE PEOPLE, Appellant, v. BENJAMIN G. SILVER, Respondent.

Robert W. Kenny, Attorney General, David K. Lener, Deputy Attorney General, Edmund G. Brown, District Attorney, and Charles S. Peery, Assistant District Attorney, for Appellant.

Leo R. Friedman for Respondent.

DOOLING, J.—The People appeal from an order of the superior court dismissing an indictment. The indictment charged the defendant with the felony of asking and receiving a bribe. It alleged that:

"The said Benjamin G. Silver . . . was . . . the duly appointed, qualified and acting investigator of the California State Board of Architectural Examiners . . . and that while . . . acting as such, the said Benjamin G. Silver, on or about the 16th day of June A. D. 1944 . . . did then and there ask and receive from one Robert Anshen a bribe, towit: Two Hundred and No/100 Dollars ($200.00) . . . upon an agreement and understanding and with the corrupt intent . . . that the action of said Benjamin G. Silver, upon a matter then pending and which might be brought before the said Benjamin G. Silver, in his official capacity, as aforesaid, should be unlawfully influenced thereby, in the manner following, towit: that the said Benjamin G. Silver . . . was required to assist in the handling and assembling of the examination questions and problems chosen by the California State Board of Architectural Examiners . . . to be asked of applicants for licenses to practice archecture (sic) . . . at the examination . . . to be held in the month of June A. D. 1944 . . . that the said Benjamin G. Silver . . . agreed to and with the said Robert Anshen . . . for the said bribe . . . to disclose and reveal to said Robert Anshen that (sic) said examination questions and problems to be asked of applicants for licenses to practice architecture within the State of California, at said duly scheduled examination . . . that said Robert Anshen . . . had qualified and intended to take said examination for the purpose of procuring a license to practice architecture within the State of California; that said Benjamin G. Silver . . . knew that said Robert Anshen intended to take said examination . . . (and) knew, agreed and intended . . . to deliver

said examination questions and problems to said Robert Anshen in advance of said examination for the purpose of enabling and assisting the said Robert Anshen to pass said examination and to procure a license to practice architecture within the State of California.''

The sole ground urged by respondent in support of the order appealed from is that the indictment fails to state a public offense because (quoting from respondent's brief): ''There is no allegation in the indictment that it was part of the duties of Silver, as such employee, to keep the examination questions secret. From all that appears from reading the indictment any applicant for the examination had a perfect right to be furnished with a set of questions in advance of the examination. The indictment being susceptible of such construction it fails to state a violation of Section 68 of the Penal Code.''

By this argument respondent attempts to lead the court back through the mazes of technical pleading the absurdities of which moved the Legislature almost twenty years ago to amend sections 951, 952, 954, 956 and 959 of the Penal Code so as to simplify and modernize the archaic rules of pleading theretofore governing indictments and informations. The effect of these amendments has more than once been commented on and explained by the courts in the intervening years. (See *People* v. *Pierce,* 14 Cal.2d 639, 644 et seq. [96 P.2d 784]; *People* v. *Beesly,* 119 Cal.App. 82, 84 et seq. [6 P.2d 114, 970]; *People* v. *Mitchell,* 40 Cal.App.2d 204, 209-210 [104 P.2d 545].)

Section 68 of the Penal Code provides:

''Every executive or ministerial officer, employee or appointee of the State of California, county or city therein or political subdivision thereof, who asks, receives, or agrees to receive, any bribe, upon any agreement or understanding that his vote, opinion, or action upon any matter then pending, or which may be brought before him in his official capacity, shall be influenced thereby, is punishable by imprisonment in the State prison not less than one nor more than fourteen years; and, in addition thereto, forfeits his office, and is forever disqualified from holding any office in this State.''

Penal Code, section 7, subdivision 6, defines the word ''bribe'' as follows:

''The word 'bribe' signifies anything of value or advantage, present or prospective, or any promise or undertaking to give any, asked, given, or accepted, with a corrupt intent to influ-

ence, unlawfully, the person to whom it is given, in his action, vote, or opinion, in any public or official capacity.''

The two sections, as respondent points out, are to be construed together. (*People* v. *Glass,* 158 Cal. 650, 676 [112 P. 281] ; *People* v. *Ward,* 110 Cal. 369 [42 P. 894].)

Section 952 of the Penal Code now provides that the charging part of an information or indictment ''may be in the words of the enactment describing the offense or declaring the matter to be a public offense.'' The opening portion of the indictment fully meets this requirement. It charges in the language of section 7, subdivision 6, Penal Code that defendant asked and received a bribe, i. e. ''anything of value'' (stated as $200) ''asked, given, or accepted, with a corrupt intent to influence, unlawfully, the person to whom it is given in his action . . . in any public capacity'' (charged as ''upon an agreement and understanding and with the corrupt intent . . . that the action of said Benjamin G. Silver . . . should be unlawfully influenced thereby''). It likewise charged substantially in the language of section 68 Penal Code that this bribe was asked and received by the defendant, ''upon an agreement and understanding . . . that the action of said Benjamin G. Silver, upon a matter then pending and which might be brought before the said Benjamin G. Silver, in his official capacity . . . should be . . . influenced thereby.''

The allegations in the words of the statute of a ''corrupt intent'' to be ''unlawfully influenced'' import, and can only mean, that it was a violation of legal duty imposed on defendant to agree for a bribe to disclose the examination questions as charged. To hold otherwise would be to nullify by judicial fiat the amendment to section 952 Penal Code expressly authorizing the offense to be charged ''in the words of the enactment describing the offense.''

A similar argument was made by the counsel who appears for the present respondent in *People* v. *Megladdery,* 40 Cal. App.2d 748 [106 P.2d 84] (also a bribery case). The court in that case said (40 Cal.App.2d 782-3) :

''Respondent contends that the crime of asking for, or agreeing to receive, a bribe can only occur when the act sought to be influenced is an act imposed by law as an official duty of the public officer involved, and that it is necessary to allege that the law imposed upon the defendant such official duty. This is a much too broad statement of the rule. It is sufficient to charge and prove that the subject matter upon which the

bribe was to operate existed and could be brought before the public officer in his official capacity. The fact the duty is not specifically conferred upon the officer by statute is immaterial. [Citing cases.]

"The indictment charges Megladdery with being an executive and ministerial officer of the state, that is, the private secretary to the governor, and that in that capacity he asked and agreed to receive from Bent a bribe with the intent that his action 'upon a matter then pending and which might be brought before' him in his official capacity should be unlawfully influenced. This sufficiently charged the offense."

■ We are satisfied that it will be sufficient to establish defendant's duty not to disclose the questions if the People prove a practice of the State Board of Architectural Examiners not to disclose the examination questions in advance of the examination and that such practice was known by defendant. Such practice being proved the absence of statute or formal rule on the subject would be immaterial. It would be the legal duty of defendant not to violate the established practice known to him.

We agree that proof of a practice permitting the disclosure of the questions in advance of the examination would be a defense to the charge. If such practice existed defendant might be guilty of a misdemeanor under section 70 Penal Code, but he would not be guilty of a violation of section 68 Penal Code as charged.

The order appealed from is reversed.

Nourse, P. J., and Goodell, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied July 18, 1946. Schauer, J., voted for a hearing.