[Crim. No. 2880.   First Dist., Div. Two.   July 28, 1953.]

THE PEOPLE, Respondent, v. RALPH LONGO et al.,
Appellants.

Leslie C. Gillen and William F. Cleary for Appellants.

Edmund G. Brown, Attorney General, and David K. Lener, Deputy Attorney General, for Respondents.

DOOLING, J.—By indictment appellants were charged jointly in count 1 with a violation of section 11500, Health and Safety Code, possession of heroin, and in count 2 with a violation of section 67½, Penal Code, bribery. Appellant, Lois Canant, pleaded guilty to count 1 and the two appellants were tried jointly before the court, after duly waiving jury trial, on count 2 and appellant Longo was concurrently tried on count 1. Longo was acquitted on count 1 and both defendants were convicted on count 2. Both appeal from the judgments of conviction on count 2 and from the orders denying their motions for new trial.

Count 2 charged the appellants with "the crime of felony, to-wit: Bribery (violation of Pen. Code, § 67½), committed as follows: The said (defendants) . . . did willfully, unlawfully, corruptly, knowingly and feloniously offer as a bribe to ministerial officers, employees and appointees of the City and County of San Francisco the sum of Twenty-five Thousand Dollars ($25,000.00) . . ." In so charging the indictment followed the language of section 67½, Penal Code. The word "bribe" used in section 67½ is de-

fined in section 7, subdivision 6, Penal Code, and as pointed out in *People* v. *Silver*, 75 Cal.App.2d 1 [170 P.2d 80], citing earlier cases at page 4, the two sections must be construed together to get the elements of the complete offense. Since the indictment does not include the language of section 7, subdivision 6, Penal Code, in charging the offense the appellants argue that it is defective in a number of particulars which it is not necessary to enumerate, since *People* v. *Roberts*, 40 Cal.2d 483 [254 P.2d 501], which was decided after the appellants' brief had been filed in this case, appears to furnish a complete answer to all of such objections.

In the Roberts case appellant and another had been charged in an information with ''the crime of violating section 182 of the Penal Code a felony, committed as follows:'' that they ''did wilfully, unlawfully and feloniously conspire, combine, confederate and agree together to commit the crime of Felony, towit: a violation of section 11500 of the Health and Safety Code.'' None of the elements of the crime denounced by section 11500 was pleaded. The Supreme Court said (40 Cal.2d, pp. 486-487) :

''Roberts contends that count (1) of the information is insufficient because it does not specify which particular act (possessing, transporting, etc.) denounced by section 11500 was the object of the conspiracy. It is only required that the pleading be 'in any words sufficient to give the accused notice of the offense of 'which he is accused.' (Pen. Code, § 952.) Notice of the particular circumstances of the offense is given not by detailed pleading but by the transcript of the evidence before the committing magistrate (or the grand jury) ; defendant is entitled to such transcript under section 870 (or section 925 of the Penal Code.) (*People* v. *Pierce* (1939), 14 Cal.2d 639, 645 [96 P.2d 784] ; *People* v. *Codina* (1947), 30 Cal.2d 356, 358-359 [181 P.2d 881] ; *People* v. *Yant* (1938), 26 Cal.App.2d 725, 730 [80 P.2d 506].)''

In this case it is not shown that the appellants were prejudiced in their defense in any manner by the form of count 2 of the indictment. The indictment was ''in . . . words sufficient to give the accused notice of the offense of which (they were) accused'' (Pen. Code, § 952) and notice of the particular circumstances of the offense was given them by the transcript of the evidence before the grand jury. We can find no substantial difference between this case and *People* v. *Roberts, supra,* in this particular. *People* v. *Ward,* 110 Cal. 369 [42 P. 894] and *People* v. *Glass,* 158 Cal. 650

[112 P. 281], relied on by appellants, were decided long before the amendment of section 952, Penal Code, permitting simplified pleadings in criminal cases. It has been held sufficient since the amendments to sections 951 and 952, Penal Code, to charge that the defendant "murdered" (Pen. Code, § 951; *People* v. *Smith*, 215 Cal. 749 [12 P.2d 945]; *People* v. *Berg*, 96 Cal.App. 430 [274 P. 433]) or "robbed" (*People* v. *Beal*, 108 Cal.App.2d 200, 204 [239 P.2d 84]) another.

The evidence showed that two police officers of the city and county of San Francisco and two federal narcotics agents entered an apartment occupied by the appellants. They discovered therein a quantity of heroin. Appellant Canant asserted that the heroin was hers and that appellant Longo had no connection with it. She asked the officers if there was any way to leave Longo out of it and pointed to a table, saying: "Well, here is a thousand dollars." One of the federal officers said "a thousand dollars isn't much" and she replied: "I mean a thousand dollars each." Longo, after suggesting that the officers were kidding or making a fool of Miss Canant, said that he had $8,000 in a safety deposit box. The officers said that the money mentioned is "peanuts for people of their caliber." Longo then said that he also had $15,000 in securities in his safety deposit box. The largest sum offered aggregated $25,000.

The evidence above summarized is conclusive, if believed, and it was to a large extent corroborated by the evidence of statements of both appellants made afterwards to the police, that appellants offered the four officers $25,000 in an attempt to persuade them not to arrest Longo.

The federal officers had shown their official badges to appellants as had one of the police officers of the city and county. Appellants argue that the evidence does not show that appellants knew that any of the four was an officer of the city and county, and because most of the talking was done by one of the federal officers the most that was shown was an offer to bribe federal officers not to make an arrest (which is not an offense against the state). The question of fact was for the trial judge and he could draw his own conclusion from the fact that one of the San Francisco police officers had exhibited his star.

The argument is in any event not persuasive. The appellants believed that the four men were officers with authority to arrest them. They offered them a bribe not to arrest

Longo. Whether or not they knew the exact official position of any of them would seem to be immaterial. They sought to influence their official action whatever their official capacity, knowing or believing that they had the official authority to make the arrest. No case has been cited, and we apprehend that none can be found, that it is a defense to a bribery charge that the defendant offered the bribe to influence an action which the officer in fact had the authority to take under the mistaken belief that he occupied a different official position from that which he in fact held.

The suggestion that the officers had no probable cause for arresting Longo is answered first by the facts, the heroin was found in an apartment occupied by him and it cannot be said that probable cause for his arrest was lacking. (*People* v. *Brite,* 9 Cal.2d 666, 687 [72 P.2d 122].) Second, it is not essential to the crime of bribery that the officer's action is with actual authority so long as it falls within the general scope of his duties and he is purporting to act in his official capacity. (*People* v. *Anderson,* 75 Cal.App. 365 [242 P. 906]; *People* v. *Anderson,* 62 Cal.App. 222 [216 P. 401]; *People* v. *Lips,* 59 Cal.App. 381 [211 P. 22].)

The claim of variance in that the charge is that a bribe of $25,000 was offered while only one-half that amount was offered to the San Francisco officers is trivial. It is not possible to find any injury to appellants in this difference between pleading and proof. (*People* v. *Williams,* 27 Cal.2d 220 [163 P.2d 692].)

The judgments and orders are affirmed.

Nourse, P. J., and Goodell, J., concurred.

A petition for a rehearing was denied August 12, 1953, and appellants' petition for a hearing by the Supreme Court was denied August 27, 1953.