[Crim. No. 1146.   Second Appellate District, Division Two.—November 28, 1924.]

THE PEOPLE, Respondent, v. E. MORONATI, Appellant.

[1] CRIMINAL LAW—PLEA OF FORMER JEOPARDY—TRANSFER AND SECOND TRIAL OF CAUSE—ISSUES—MINUTE ENTRIES.—The plea of not guilty and former jeopardy entered by a defendant in a department of the superior court in which he was arraigned remained standing throughout the progress of the cause, notwithstanding the transfer to another department after disagreement of the jury on the first trial and the conduct of a second trial in said other department; and a minute entry made in the department in which defendant was tried the second time, to the effect that his plea was stated, can only mean that the plea which he entered upon

70 Cal. App.—2

his arraignment, the only plea he ever entered, was stated to the jury, after the reading of the information to that body, for the purpose of acquainting its members with the issues to be tried, and the issue arising from the plea of former jeopardy was thus before the jury sitting on the second trial for determination.

[2] ID.—POSSESSION OF NARCOTICS — MINUTES — CONSTRUCTION.—In a prosecution for the unlawful possession of narcotic drugs, the minutes of the arraigning department that "defendant denies prior conviction, but pleads former jeopardy," cannot be regarded as showing that the plea of former jeopardy was but a reference to the charge of prior conviction which was made in the information, the defendant subsequently withdrawing his denial of the charge of prior conviction but not changing his affirmative plea of once in jeopardy.

[3] ID.—FORMER JEOPARDY — SUFFICIENCY OF PLEA — ISSUES. — A plea that defendant "pleads former jeopardy" is insufficient as a plea of former jeopardy and raises no issue in that regard upon which the court can instruct the jury or upon which the jury can 'find.

[4] ID.—EXCEPTIONS PROVIDED BY STATUTE—EVIDENCE—INSTRUCTIONS. In such prosecution, an instruction that it was not incumbent upon the people to prove that defendant did not come within any of the exceptions provided by the statute under which he was prosecuted and permitting the possession of narcotics, was proper.

[5] ID.—EVIDENCE—CONVENIENCE OF PARTIES.—When the subject matter of a negative averment lies peculiarly within the knowledge of the other party, the averment is taken as true unless disproved by that party. Such is the case in civil or criminal prosecutions for a penalty for doing an act which the statutes do not permit to be done by any persons, except those who are duly licensed therefor; as, for selling liquors, exercising a trade or profession, and the like. Here the party, if licensed, can immediately show it without the least inconvenience; whereas, if proof of the negative were required, the inconvenience would be very great.

[6] ID.—REPUTATION — TESTIMONY OF POLICE OFFICERS — FOUNDATION FOR.—In such prosecution, the testimony of two police officers in rebuttal that defendant's general reputation for truth, honesty, and integrity in the community in which he lived was bad was sufficiently based upon their other testimony that they knew the general reputation of defendant in such respects, and the fact that the witnesses were police officers did not minimize nor de-

tract from their statement as to the general reputation of defendant, much less overturn it.

[7] ID.—MISCONDUCT—APPEAL.—In such prosecution, the district attorney, during his address to the jury, said nothing which was misconduct, as that term is to be understood in considering whether a judgment shall be reversed because of it.

---

(1) 16 C. J., p. 180, secs. 238, 239.   (2) 16 C. J., p. 420, sec. 763. (3) 16 C. J., p. 420, sec. 763.   (4) 16 C. J., p. 531, sec. 999.   (5) 16 C. J., p. 530, sec. 998.   (6) 16 C. J., p. 931, sec. 2291; 40 Cyc., p. 2198.   (7) 16 C. J., p. 894, sec. 2235.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Chas. S. Crail, Judge. Affirmed.

The facts are stated in the opinion of the court.

Henry C. Huntington for Appellant.

. U. S. Webb, Attorney-General, and Erwin W. Widney, Deputy Attorney-General, for Respondent.

WORKS, J.—Defendant was convicted under a charge of having narcotic drugs in his possession. He appeals from the judgment of conviction and from an order of the trial court denying his motion for a new trial.

The minutes of one of the departments of the superior court from which the appeal is prosecuted show that appellant, upon his arraignment, "regularly enters his plea of 'Not Guilty' as charged in the information. Defendant denies prior conviction, but pleads former jeopardy and the trial of the action is thereupon set for" a named date. The denial of prior conviction resulted, of course, from the fact that a prior conviction was charged in the information. A trial of appellant in the department in which he was arraigned occurred later, the jury disagreed, and the cause was reset for trial in the same department. The minutes of the department under the date upon which the cause came on for retrial show: "Cause is transferred to Department 7 [a different department of the court] for immediate trial." Appellant was tried and convicted in the department to which his cause was thus transferred. The minutes of that

department, on the date of the trial and after the jury was impaneled, read: "Information is read by the clerk and plea of defendant stated." The reporter's transcript shows no mention during the trial of the plea of once in jeopardy and it is conceded that no evidence was offered upon the issue raised by that plea. The jury was not instructed concerning that issue and rendered no verdict upon it, the verdict being only the ordinary general verdict of guilty. It is contended that the court erred in failing to instruct upon the issue and that there was error in the failure of the jury to find upon it.

[1] It is insisted by respondent that there was no plea of once in jeopardy in the case, and first, that there was no such plea before the jury at the second trial. It is said that there is nothing in the minute entry made at the commencement of that trial, "Information read and plea of the defendant stated," to indicate that appellant interposed any other plea than that of not guilty. With this contention we cannot agree. The plea entered by appellant in the department of the court in which he was arraigned remained standing throughout the progress of the cause, notwithstanding the transfer to another department and the conduct of a second trial there. "When defendant has been arraigned and pleaded not guilty, and a judgment of conviction is reversed and the case remanded, a rearraignment is unnecessary, as the plea of not guilty interposed on the first trial remains in full force until the indictment is finally disposed of" (16 C. J. 388). It is plain that the minute entry made in the department in which appellant was tried the second time, to the effect that his plea was stated, can only mean that the plea which he entered upon his arraignment, the only plea he ever entered, was stated to the jury, after the reading of the information to that body, for the purpose of acquainting its members with the issues to be tried. As the plea included the special plea of once in jeopardy, granting for the present that it was sufficient, the issue arising from that special plea was placed before the jury for determination.

[2] It is a part of the contention of respondent that the attempted plea of once in jeopardy, as stated in the minutes of the arraigning department of the trial court, was but a

reference to the charge of prior conviction which was made in the information, but we cannot so regard it. The minutes, to the extent that they bear on this question, show two distinct things: First, appellant denied the charge of prior conviction; second, he affirmatively pleaded that he had been once in jeopardy. Later, as shown by a minute to which we have not before referred, he withdrew his denial of a former conviction and admitted that he had suffered such a conviction. In our view the minutes, taking them throughout, show an attempt by appellant to keep separate the matter of his denial of the charge of former conviction and his affirmative plea of once in jeopardy, and we are unable to see the intermingling of the two which is perceived by respondent. The denial of the particular charge was withdrawn, but there was never a change in the affirmative plea of once in jeopardy.

[3] It is insisted that the plea of once in jeopardy was insufficient. It is provided in subdivision 4 of section 1017 of the Penal Code that such a plea must be "in substantially the following form: . . . 'The defendant pleads that he has been once in jeopardy for the offense charged (specifying the time, place and court).' " It is plain that appellant's plea, as entered in the minutes, that he "pleads former jeopardy," was not in compliance with this provision. The very terms of the section show the insufficiency of the plea and a decision of the supreme court emphasizes the fact of its insufficiency (*People* v. *O'Leary*, 77 Cal. 30 [18 Pac. 856]). The plea as entered failed to show when, or where, or by the action of what court appellant was put in "former jeopardy." No sufficient plea of once in jeopardy having been interposed, there was no issue in that regard upon which the court could have instructed the jury or upon which the jury could have found.

[4] The statute under which appellant was convicted provides that no person shall have in his possession any of the narcotics named in it "excepting upon the written order or prescription of a physician, dentist or veterinary surgeon" (Stats. 1919, p. 1276, sec. 8; Deering Consol. Supp. Gen. Laws 1917–21, Act 2724), and it also provides for other similar exceptions. The trial court instructed the jury that it was not incumbent upon the People to prove that

appellant did not come within any of these exceptions, and it is contended that the instruction was error. **[5]** It is well settled, however, that "when the subject matter of a negative averment lies peculiarly within the knowledge of the other party, the averment is taken as true unless disproved by that party. Such is the case in civil or criminal prosecutions for a penalty for doing an act which the statutes do not permit to be done by any persons, except those who are duly licensed therefor; as, for selling liquors, exercising a trade or profession, and the like. Here the party, if licensed, can immediately show it without the least inconvenience; whereas, if proof of the negative were required, the inconvenience would be very great" (*People* v. *Boo Doo Hong*, 122 Cal. 606 [55 Pac. 402]. See, also, *People* v. *Saunders*, 61 Cal. App. 341 [215 Pac. 120].) The present case lies exactly within this rule. The instruction was therefore proper.

**[6]** Two police officers testified in rebuttal that appellant's general reputation for truth, honesty, and integrity in the community in which he lived was bad, appellant having taken the stand in his own behalf. It is insisted that no sufficient foundation was laid for the testimony. Appellant says that "it appeared that their knowledge of him was had only through their activities in the police department, and that they could not know his general reputation." The point plainly is without merit. The officers testified that they knew the general reputation of appellant in the respects mentioned, and the fact that they were police officers did not minimize nor detract from the statement, much less overturn it.

**[7]** It is contended that there was misconduct in various remarks of the district attorney made during his address to the jury. Some of his statements were in bad taste, no doubt, but we think he said nothing which was misconduct, as that term is to be understood in considering whether a judgment shall be reversed because of it.

Judgment and order affirmed.

Finlayson, P. J., and Craig, J., concurred.