[Crim. No. 2922. In Bank.—December 11, 1926.]

In the Matter of the Application of F. K. LORD for a Writ of Habeas Corpus.

[1] CRIMINAL LAW—POISON ACT—PLEADING—SUFFICIENCY OF COMPLAINT.—In a prosecution against a physician for violating section 8½ of the act to regulate the sale and use of poisons (Stats. 1907, p. 124), the complaint is not defective in not negativing the good faith of the physician in prescribing morphine for the use of an habitual user thereof and that the patient was not suffering from an incurable disease, ailment, or injury.

[2] Id.—Section 8 of Poison Act—Good Faith of Physician.—The effect of section 8 of the act to regulate the sale and use of poisons is to permit a licensed physician to furnish or prescribe in good faith narcotic drugs to any habitual user thereof under his professional care, provided such prescriptions are not given or substances furnished for the purpose of evading the provisions of said act, and said section does not limit the amount of narcotic drugs.

[3] Id.—Section 8½ of Poison Act—Amount of Drug.—By section 8½ of the act to regulate the sale and use of poisons, a physician is prohibited from prescribing or furnishing more than four grains of morphine as a daily treatment, and the good faith and intent with which the morphine is furnished or prescribed has no relation to the amount of drug so furnished or prescribed.

[4] Id.—Section 8½ of Act—Exception.—The provision of section 8½ of the act to regulate the sale and use of poisons, permitting more than four grains of morphine to be prescribed or furnished to a patient suffering from an incurable disease, ailment or injury, is an exception to the general rule laid down by said section making it an offense to prescribe or furnish more than four grains of morphine as a daily treatment, and is contained in a proviso to the definition of said offense as contained in said section 8½.

[5] Id.—Complaint—Exceptions.—Exceptions and provisos contained in a statute are to be negatived in a pleading only where they are descriptive of an offense or define it, and where they afford matter of excuse merely, they are to be relied upon in defense.

---

(1) 31 Cyc., p. 899, n. 23. (2) 31 Cyc., p. 899, n. 22 New. (3) 31 Cyc., p. 899, n. 22 New. (4) 31 Cyc., p. 899, n. 22 New. (5) 31 C. J., p. 720, n. 57, 58.

APPLICATION for a Writ of Habeas Corpus to procure the discharge of petitioner convicted of violating the "Poison Act." Writ discharged and prisoner remanded.

The facts are stated in the opinion of the court.

Frederick M. Shipper and Clifford D. Good for Petitioner.

William J. Brown, District Attorney, H. L. Chamberlain, Deputy District Attorney, and Geo. C. W. Egan for Respondent.

---

3. See 14 Cal. Jur. 52; 14 R. C. L. 189.

CURTIS, J.—The petitioner was found guilty by a verdict of a jury in the justice's court of Modesto Township, in the county of Stanislaus, upon a complaint charging that he was on or about the thirtieth day of December, 1925, a "licensed and practicing physician and authorized to prescribe certain narcotic drugs, including morphine, and did then and there wilfully, wrongfully, and unlawfully prescribe and deliver to Mrs. Nellie Nash under said prescription, more than four grains of morphine, to-wit: approximately five grains of morphine, for one daily treatment of said Mrs. Nellie Nash, said Mrs. Nellie Nash being then and there a habitual user of narcotic drugs, to-wit: of morphine."

The judgment upon said verdict was affirmed on appeal to the superior court of said county. Having been delivered into the custody of the sheriff of said county under said judgment petitioner now seeks to be dismissed from said imprisonment by means of *habeas corpus* proceedings instituted herein.

The sole contention of petitioner is that the complaint filed against him in said justice's court does not state facts sufficient to constitute a public offense. The statute under which the action against petitioner was instituted is that certain act entitled "An act to regulate the sale and use of poisons in the State of California and providing a penalty for the violation thereof," approved March 6, 1907 (Stats. 1907, p. 124), as amended at various times thereafter.

Section 8 of said act provides that it shall be unlawful for any practitioner of medicine to furnish to or prescribe for the use of any habitual user of the same or of anyone representing himself as such any morphine or other narcotic substance mentioned in said section or any salt derivative or compound of the foregoing substances, and it shall also be unlawful for any practitioner of medicine to prescribe or give any of the foregoing substances for himself or any person not under his treatment in the regular practice of his profession; "provided, however, that the provisions of this section shall not be construed to prevent any duly licensed physician from furnishing or prescribing in good faith as their physician by them employed as such, for any habitual user of any narcotic drug who is under his pro-

fessional care, such substances as he may deem necessary for their treatment, when such prescriptions are not given or substances furnished for the purpose of evading the purposes of this act.''

By section 8½ of said act it is provided that ''Any licensed physician treating any habitué under section eight of this act shall not prescribe for or furnish such habitué more than . . . four grains of morphine, . . . for each daily treatment . . . provided, however, that any licensed physician may prescribe for or furnish his patient as their physician employed by them as such, and who is suffering from some incurable disease, ailment, or injury, any narcotic drugs mentioned in section eight in such quantity as may be necessary for a reasonable length of time.''

[1] It is now contended by petitioner that the complaint is fatally defective in failing to allege that Doctor Lord did not furnish or prescribe said morphine in good faith and that said Nellie Nash, his patient, was not suffering from an incurable disease, ailment, or injury.

As to the claim that said complaint should negative the good faith of the physician in prescribing said morphine for the use of an habitual user thereof under his care, we think it is without merit. [2] The prohibition against furnishing or prescribing narcotic drugs to habitual users thereof is found in section 8 of said act and the effect of this section is to permit a licensed physician to furnish or prescribe in good faith narcotic drugs to any habitual user thereof under his professional care, provided that such prescriptions are not given or substances furnished for the purpose of evading the provisions of said act. Nothing is said in said section 8 as to the amount of narcotic drugs that may in good faith be furnished or prescribed by a physician to habitual users of narcotic drugs under his care. The limitation as to the amount of narcotic drugs that may be so furnished or prescribed is found in section 8½ of said act.

[3] By this section a physician is prohibited from prescribing or furnishing more than four grains of morphine as a daily treatment. The good faith and intent with which the morphine is furnished or prescribed has no relation to the amount of the drug so furnished or prescribed to the person for whom it is prescribed by the physician. If the

morphine is prescribed in good faith to a habitual user of narcotic drugs under the professional care of the physician and without any intent to evade the purposes of said act, then said physician has not offended against the provisions of section 8 thereof. But, if in so prescribing or furnishing the same, even though he comply with all the terms of said section 8, he exceed the amount called for by section 8½ as a daily treatment, he has violated the prohibition contained in the last-named section and subjected himself to the penalty prescribed by the statute. Therefore, in charging the petitioner with a violation of section 8½ of said act, as the complaint herein attempts to do, it was not necessary to allege therein that the petitioner had also offended against the provisions of section 8 thereof, nor to show in any manner whatever his failure to meet the requirements of said last-named section. The complaint accordingly is not subject to the criticism of petitioner that it is defective or fails to state a public offense in not alleging that petitioner had not acted in good faith or that he had acted with the intent to violate the purposes of said act.

[4] The further contention of petitioner that there is a radical defect in said pleading by reason of the absence therefrom of an allegation that the said Nellie Nash was not afflicted with an incurable disease, ailment, or injury is equally unfounded. The provision of said section 8½ permitting more than four grains of morphine to be prescribed or furnished to a patient suffering from an incurable disease, ailment, or injury is an exception to the general rule laid down by section 8½ of said act making it an offense to prescribe or furnish more than four grains of morphine as a daily treatment, and is contained in a proviso to the definition of said offense as contained in said section 8½.

[5] The authorities in this state are without conflict "that such exceptions and provisos were to be negatived in the pleading only where they are descriptive of the offense or define it, and that where they afford matter of excuse merely, they are to be relied on in defense." (*Ex parte Hornef,* 154 Cal. 355, 360 [97 Pac. 891] ; *Ex parte Greenall,* 153 Cal. 767 [96 Pac. 804] ; *Matter of Application of Lieritz,* 166 Cal. 298 [135 Pac. 1129] ; *People* v. *H. Jevne Co.,* 179 Cal. 621 [178 Pac. 517].)

Petitioner appears to concede that this is the unquestioned law in this state, but contends that it has no application to the present case, for the reason, so petitioner asserts, that the complaint failed to allege that he had committed any act prohibited by the terms of the statute and therefore stated no public offense against him. The offense denounced by section 8½ was that of furnishing by a physician to his patient of more than four grains of morphine as a daily treatment and the complaint in apt language charges this offense and according to the authorities above stated this was all that was required. If there were any exceptions to this rule within which petitioner might come and thus excuse himself from the charge so alleged, the authorities already cited declare that he may show such excuse as a matter of defense. The complaint accordingly was sufficient and not subject to the attack that it did not state a public offense.

We might show by way of illustration a case where the complaint failed to show that the defendant charged therein had committed any act which he had not a legal right to perform, and yet was held to be a valid pleading, by reference to one of the above-cited cases. The petitioner in the *Matter of Application of Lieritz, supra,* was charged with a violation of the so-called Wyllie Act, by the provisions of which it was made unlawful to sell intoxicating liquor in "no-license territory." The act contained an exception to the effect that its provisions did not apply to certain classes, including pharmacists. The information charged the petitioner simply with selling intoxicating liquor in prohibited territory without alleging that he did not furnish such liquor as a pharmacist. If the petitioner therein had been a pharmacist and had furnished said liquor as such, he would not have been guilty of any offense under said statute. The information therefore did not charge him with doing any act which as a pharmacist he was prohibited by the statute from doing. This court, however, held that the pleadings stated a public offense for the reason that it charged him with the offense defined in the statute, and that it was not necessary for the complaint to show that he did not come within any of the exceptions contained in the statute. So, in the present proceedings, the complaint filed against petitioner in the justice's court

does not charge him with administering more than the amount of morphine which under the statute he was permitted to administer to a person with an incurable disease. Yet it does charge him with a violation of the offense defined in section 8½ of said statute—that is, furnishing more than four grains of morphine for one daily treatment— and if he had committed the acts thus charged the only condition under which he could be innocent of the offense so charged was by showing that he had administered said morphine to a person afflicted with an incurable disease. As we have already seen it was the right of petitioner to show as a defense that such exception applied to him, but it was not the duty of the prosecution to either plead or prove that he was not within the permissive scope of such exception.

The writ is discharged and the petitioner remanded to custody.

Seawell, J., Sullivan, J., Shenk, J., Waste, C. J., Finlayson, J., and Richards, J., concurred.