[Crim. No. 4239. In Bank.—November 24, 1939.]

THE PEOPLE, Respondent, v. JACK PIERCE et al., Appellants.

Morris Lavine for Appellants.

Earl Warren, Attorney-General, Paul D. McCormick, Deputy Attorney-General, Buron Fitts, District Attorney, and Jere J. Sullivan, Deputy District Attorney, for Respondent.

CURTIS, J.—Defendants were convicted in the Superior Court of the County of Los Angeles of the crime of violating subdivision 2 of section 337a of the Penal Code. Said subdivision of said section of the code, reads as follows: ''Every person, who, whether for gain, hire, reward, or gratuitously, or otherwise, keeps or occupies, for any period of time whatsoever, any room, shed, tenement, tent, booth, building, float, vessel, place, stand or enclosure, of any kind or any part thereof with a book or books, paper or papers, apparatus, device or paraphernalia, for the purpose of recording or registering any bet or bets, or any purported bet or bets, or wager or wagers, or any purported wager or wagers, or of selling pools, or purported pools, upon the result or purported result, of any trial, or purported trial, or contest, or purported contest, of skill, speed or power of endurance of man or beast, or between men, beasts, or mechanical apparatus, or upon the result, or purported result, of any lot, chance, casualty, unknown or contingent event whatsoever, is punishable by imprisonment in the county jail or state prison for a period of not less than thirty days and not exceeding one year.''

The information which was filed by the district attorney of Los Angeles County, charging defendants with said violation, was in the following language: ''The said Jack Pierce, Charles Sikora, and Margaret Johnson are accused by the District Attorney of and for the County of Los Angeles, State of California, by this information, of the crime of violation of subdivision 2 of Section 337a, Penal Code of California, a felony, committed as follows: That the said Jack Pierce, Charles Sikora, and Margaret Johnson on or about the 15th day of July, 1938, at and in the County of Los Angeles, State of California, did wilfully, unlawfully and feloniously for gain, hire, reward, gratuitously and otherwise, keep and occupy a room, shed, tenement, tent, booth, building, float, vessel, place, stand and enclosure, and any part thereof, with a book and books, paper and papers, apparatus, device and paraphernalia, for the purpose of recording and registering a bet and bets, and purported bets and bets, wager and wagers, and purported wager and wagers, and of selling pools and purported pools, upon the result and purported result, or trial and purported trial, and contest

and purported contest, of skill, speed and power of endurance between beasts, to-wit, horses.

''Contrary to the form, force and effect of the statute in such cases made and provided, and against the peace and dignity of the people of the State of California.''

Defendants demurred to said information on the grounds, among others, that (1) the information failed to state a public offense, and (2) the information set forth more than one offense in the same count and therefore did not substantially conform to the requirements of sections 950, 951, 952 and 954 of the Penal Code. The defendants also filed a motion to set aside the information. The demurrer was overruled and the motion to set aside the information was denied. The case was heard by the trial court, a jury trial having been waived. Judgments of conviction were entered, and from said judgments, this appeal by defendants, Charles Sikora and Margaret Johnson, has been taken.

The evidence was clear and convincing that the defendants were guilty of a violation of said subdivision of said section, and no claim, therefore, is made that the evidence is insufficient to support the judgment. Appellants concentrate their attack upon said judgment solely upon the ground that the information was so fatally defective as to be insufficient to support the judgment of conviction. They confine their attack upon the information to two major lines of argument.

Appellants first argue that section 337a of the Penal Code and the provisions of the Horse Racing Act (Stats. 1933, p. 1127; Stats. 1933, p. 2046, as amended by Stats. 1935, p. 1586 and p. 1943, and Stats. 1937, p. 67 and p. 2292), constitute one law and must be read together. With this as a premise, appellants contend that, although prior to the enactment of the Horse Racing Act, the information herein challenged would have constituted the statement of a public offense, subsequent to the enactment of the Horse Racing Act, the information, as it did not specify with particularity the place where the alleged offense took place, and did not show on its face that it was not a place within a legal race track enclosure, failed to state a public offense. The California Horse Racing Act renders permissible and legal wagering on horse races by the pari-mutuel method by certain persons licensed by the California Horse Racing Board, at

certain locations designated by the California Horse Racing Board, at certain designated times. Such wagering constitutes an exception to the provisions of section 337a of the Penal Code which declares wagering in general illegal. (*People* v. *Torrey,* 16 Cal. App. (2d) 470, 472 [60 Pac. (2d) 900].) By a long line of authorities in California, it has been repeatedly held that it is not necessary that a complaint, information or indictment shall specifically negative the various exceptions contained in the act describing the offense. (*In re Lord,* 199 Cal. 773 [250 Pac. 714]; *People* v. *H. Jevne Co.,* 179 Cal. 621 [178 Pac. 517]; *Matter of Application of Lieritz,* 166 Cal. 298 [135 Pac. 1129]; *Ex parte Hornef,* 154 Cal. 355 [97 Pac. 891]; *People* v. *Torrey,* 16 Cal. App. (2d) 470 [60 Pac. (2d) 900]; *People* v. *Bill,* 140 Cal. App. 389 [35 Pac. (2d) 645]; *People* v. *Kinsley,* 118 Cal. App. 593 [5 Pac. (2d) 938].) If said act, which formed the basis of the charge against defendants, in fact took place within a legal race track enclosure, by the parimutuel method, and by persons licensed by the California Horse Racing Board, or came within any other possible exception specified in said Horse Racing Act, that was a matter of defense to be proved by the defendants. (*In re Lord, supra; People* v. *H. Jevne Co., supra; People* v. *Bill, supra; People* v. *Moronati,* 70 Cal. App. 17 [232 Pac. 991]; *People* v. *Kinsley, supra.*) It follows that said information stated sufficient facts to constitute a public offense and that appellants' contention to the contrary is wholly untenable.

The second ground advanced by the appellants as a reason for a reversal of the judgments is that subdivision 2 of section 337a of the Penal Code specifies at least eleven different offenses, that is to say, as many offenses as there are places mentioned in said subdivision, and the information by charging a violation of said subdivision of said section in the exact language of the statute, thereby charged more than one offense without separating the various offenses into separate counts as required by section 954 of the Penal Code. Section 954 of the Penal Code provides that, "An indictment, information, or complaint may charge two or more different offenses connected together in their commission, or different statements of the same offense or two or more different offenses of the same class of crimes or offenses, *under*

*separate counts. . . . "* One of the grounds of demurrer specified by section 1004 of the Penal Code is "that more than one offense is charged, except as provided in Section 954". If it be true, therefore, that said subdivision of said section sets forth more than one offense, the information was defective in form, and the demurrer thereto on that ground should have been sustained. However, we are satisfied from an analysis of said subdivision that it sets forth only the single offense of conducting a betting establishment. The gravamen of the offense charged in said subdivision of said code section is the *keeping* and *occupying* of any place, whether structure or enclosure, for the purpose of illegal wagering. The type of place occupied is wholly and utterly immaterial to the offense charged as it makes no practical difference whether the place kept was a booth or a building, a tent or a tenement. It is obvious that the legislature in enacting said subdivision of the code section, instead of using a single word which would define all possible structures and enclosures, merely enumerated various general types of ordinary structures and enclosures, intending thereby to specify any and all possible places. ■ Parenthetically speaking, we are satisfied that the keeping and occupying of any place or edifice, even if not specifically designated in said subdivision of said section, as for instance, a cabin, cottage, house, or yard, would be illegal and a violation of subdivision 2 of section 337a of the Penal Code. In other words, a description of the place kept and occupied is not an essential element of the offense.

■ Since 1927, it has been permissible under the authority of section 952 of the Penal Code to charge the offense in the language of the statute. Said code section specifically provides that: "In charging an offense, each count shall contain, and shall be sufficient if it contains in substance, a statement that the accused has committed some public offense therein specified. Such statement may be made in ordinary and concise language without any technical averments or any allegations of matter not essential to be proved. *It may be in the words of the enactment describing the offense or declaring the matter to be a public offense,* or in any words sufficient to give the accused notice of the offense of which he is accused. . . . "

There can be no doubt that the rules of pleading with reference to criminal charges have been liberalized by the amendments of 1927 and 1929 relating to pleading in criminal cases. In *People* v. *Beesly*, 119 Cal. App. 82 [6 Pac. (2d) 114, 970], the court said: "The sufficiency of an indictment or information is not to be tested by the rules of the common law nor by the rules which existed prior to the amendments of 1927 and 1929 of our statutes relating to pleading in criminal cases. The true rule can be determined only by a consideration of all of the statutes affecting the subject as they exist since those amendments. The purpose of an indictment or information is to inform the accused of the charge which he must meet at the trial. At common law, where this information came solely from the indictment, much particularity was required. . . . As a part of the accusatory procedure the law now provides that in every case the accused is entitled to a copy of the testimony given before the grand jury or the committing magistrate as the case may be (secs. 870, 925, Pen. Code) and he is to-day better informed as to the case he must meet than was an accused under the detailed form of pleading required at common law. By section 959 of the Penal Code as amended in 1927 (Stats. 1927, p. 1041) we have the statutory provision that an information is sufficient if it can be understood therefrom that it is entitled in a court having authority to receive it, that the defendant is named, or, if his name is not known and that fact is pleaded, he may be charged by a fictitious name, that the offense is one of which the court has jurisdiction and that the offense was committed prior to the filing of the information. The former requirements of subdivisions 6 and 7 of section 959 that the act or omission charged must be clearly and distinctly set forth in ordinary and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended and to enable the court to pronounce judgment upon conviction, were repealed by the 1927 amendment and are no longer a part of that section. In so far as section 950 of the Penal Code seems to conflict with the rule laid down by section 959 as amended, the latter section must control in view of the evident intention of the legislature to remove the former requirements of subdivisions 6 and 7 by their repeal. Section 952, which

formerly required the pleading to set forth the particular circumstances of the offense charged, as amended, declares that it shall be sufficient if it be 'in any words sufficient to give the accused notice of the offense of which he is accused.' There, in a nutshell, is stated the principle of our present simplified form of pleading of a criminal offense—the accused is entitled to notice of the offense of which he is charged but not to the particular circumstances thereof, such details being furnished him by the transcript of the testimony upon which the indictment or information is founded.''

In view of our conclusion that subdivision 2 of section 337a of the Penal Code states but a single offense, there is no doubt that the district attorney was entitled under the authority of section 952 of the Penal Code to charge the defendants with a violation of said subdivision in the exact words of the statute, and there is no fatal defect in the form of the information as claimed by appellants.

Moreover, as pointed out in *People* v. *Beesly, supra,* appellants were required, by the provisions of section 870 of the Penal Code, to be furnished with a copy of the testimony given before the committing magistrate, and were, therefore, well informed as to the exact address of the place alleged to have been ''kept and occupied'', and other circumstances surrounding the alleged offense. This being so, no possible claim can be made that any ''substantial right of the defendants upon the merits'' was prejudiced ''by reason of any defect or imperfection in matter of form'' of the information filed. In view of the definite provisions of section 960 of the Penal Code, in the absence of any possible prejudice, the information cannot be held to be defective. Said code section expressly provides that: ''No indictment, information, or complaint is insufficient, nor can the trial, judgment, or other proceeding thereon be affected by reason of any defect or imperfection in matter of form which does not prejudice a substantial right of the defendant upon the merits.''

While holding the information sufficient and free from any legal defect sufficient to justify a reversal of the judgments, we are not to be understood as commending it as a model of pleading to be followed in the future in prosecu-

tions instituted under said subdivision of said section, or under similar statutes.

The judgments are affirmed.

Houser, J., Shenk, J., Edmonds, J., Knight, J., *pro tem.*, Spence, J., *pro tem.*, and Pullen J., *pro tem.*, concurred.