[Crim. No. 4864.   Second Dist., Div. Two.   Feb. 18, 1953.]

THE PEOPLE, Respondent, v. CATHERINE A. McKENNA,
Appellant.

Catherine A. McKenna, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

MOORE, P. J.—Appellant was accused by information with six counts of violating the Government Code, section 6201*. Count I charged that on or about March 26, 1951, she had stolen, removed and secreted a specified file of an action in the superior court in which she was defendant. Counts II through VI alleged that she had destroyed, mutilated, defaced, altered and falsified five separate documents in the same file. On her plea of "not guilty as charged in the information" and waiver of trial by jury, the matter was submitted on the transcript of the preliminary hearing. The court then found her guilty as charged in counts I, II, III and VI. The appeal is from the judgment of conviction and from the order denying a new trial. She seeks a reversal on the grounds that (1) the evidence is insufficient to support the verdict; (2) the trial court lacked jurisdiction of the action; (3) the information was defective.

---

*Section 6200. Every officer having the custody of any record, map, or book, or of any paper or proceeding of any court, filed or deposited in any public office, or placed in his hands for any purpose, who is guilty of stealing, wilfully destroying, mutilating, defacing, altering, or falsifying, removing or secreting the whole or any part of such record, map, book, paper, or proceeding, or who permits any other person to do so, is punishable by imprisonment in the State prison not less than one nor more than 14 years.

Section 6201. Every person not an officer referred to in Section 6200, who is guilty of any of the acts specified in that section, is punishable by imprisonment in the State prison not exceeding five years, or in a county jail not exceeding one year, or by a fine not exceeding one hundred dollars ($100), or by both such fine and imprisonment.

There is ample evidence in the record to support the implied findings that appellant had surreptitiously removed the superior court file from the custody of the county clerk and that she thereafter altered and falsified three documents contained therein. It was established that on March 26, 1951, the clerk had lawful custody of file No. 564971. The register of actions wherein is entered the date of each paper or document filed in an action reflected that the complaint in such case had been filed on September 15, 1949, and that the answer of appellant and her husband, J. Irving McKenna, was filed on September 28, 1949; that a motion to retax costs was filed on November 15, 1950, and that two notices of appeal were filed on January 12 and February 6, 1951, respectively.

Miss Chrisman, an employee of the clerk's office, testified that on March 26, 1951, appellant procured the file from the transcript department, removed it to a table in the same room and examined it. Miss Chrisman entered appellant's name on a card used by the office to indicate to whom a file is given and for what purpose. The witness did not see the file again that day and no one in the department knew its whereabouts. On two separate days, to wit, the 3d and the 27th of April, 1951, the witness searched for the file without success. It was not in the filing section. On April 30 the file was found on the counter in the general filing section of the office and returned to Miss Chrisman by a deputy clerk. At that time the witness noticed "peculiar marks" in the filing dates on some of the documents therein. Subsequent investigation by the district attorney's office revealed that after the lost file had been returned it contained papers apparently differing in content from those originally filed.

In support of the charge (count II) that the "Answer" in the file had been altered, the witness, Mr. Clark Sellers, a qualified examiner of questioned documents, testified that in his opinion pages 1 and 5 of the answer in the file when returned were typed by the use of a typewriter different from that used in writing pages 2, 3 and 4, and that all five pages had been completed on typewriters found in appellant's home. Pages 2, 3 and 4 were written on the Underwood portable and also differed from those same pages in the copy of the answer served on opposing counsel in September, 1949. Since by appellant's own testimony and from the serial number appearing on such typewriter she did not acquire it until

December, 1950, it was easily to be inferred that after removing the file from its place of lawful custody she altered her own pleadings by substituting three pages for those originally filed.

In support of count III charging appellant with having altered and mutilated the paper entitled "Motion to Retax Costs and Notice of Motion" it was established by the register of actions that such paper was filed on November 15, 1950, while the paper upon the return of the file purportedly bore a filing date of January 15, 1951. Mr. Sellers testified that the original date as stamped had been erased and a typewritten date inserted; that such was reproduced on a typewriter having type similar to appellant's portable.

As to the alteration and mutilation of the document entitled "Notice of Appeal" (count VI), it was established that the register reflected such paper to have been filed on February 6, 1951, but that upon return of the file, the filing date on the notice was January 29, 1951. The expert witness testified that the original stamped date had been erased and the typewritten words and figures "Jan. 29" placed above the erasure and that such insertion was made by type of the same style as that on appellant's portable. In view of such evidence pointing to appellant's guilt on all counts, this court is powerless to interfere with the judgments for any asserted lack of evidentiary support. (*People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778].)

In contending that the information was defective, appellant argues that it properly charged only a single crime and that such offense was erroneously split into six counts. ■ The test as to whether one or more offenses results from a single act or transaction is stated to be "the identity of the offenses as distinguished from the identity of the transactions from which they arise." (*People* v. *Venable,* 25 Cal.App.2d 73, 74 [76 P.2d 523].) ■■ One may be convicted of more than one offense arising out of a single transaction if each is stated in a separate count and, when the offenses differ in their necessary elements, the one is not included in any other. (*People* v. *Craig,* 17 Cal.2d 453, 457 [110 P.2d 403].) ■ The Government Code, sections 6200-01, provides in the disjunctive that the "stealing, wilfully destroying, mutilating, defacing, altering or falsifying, removing or secreting" of certain official or public records is a crime. It is apparent that any one of those acts relating to any one paper or record constitutes the offense, or that the commission of all

of the acts relating to any one of the records constitutes the crime. (See *People* v. *Lawlor,* 21 Cal.App. 63, 65-66 [131 P. 63].) Accordingly, the removal of the file was itself a violation of the statute as was the alteration and mutilation of each of the specified documents in that file. The elements of the crime charged in each count were distinct and not included in the crime charged in any other. It is evident that the lawmakers contemplated an offense to have been committed when any act denounced by the statute has been done in connection with any specified record.

■ There was no error in the failure of the information to specify with particularity in what regard each document had been altered. (Pen. Code, § 952.) ■ When the manner in which the offense was committed is not an element of the offense, it is not necessary to set forth the specific details of the wrongful act. (*People* v. *Beesly,* 119 Cal.App. 82, 85-86 [6 P.2d 114, 970]; *People* v. *Pierce,* 14 Cal.2d 639, 646 [96 P.2d 784].)

■ The argument is made that the papers involved herein were merely appellant's private papers, her personal pleadings, and hence not within the scope of the subject matter of the statute. On the contrary, they were public documents. Such papers constituted the "record . . . or . . . paper or proceeding of any court, filed . . . in any public office" and were included in the very letter of section 6200. They were in the custody of the county clerk as ex officio clerk of the superior court. (Code Civ. Proc., §§ 78, 78.1[f].)

■ Appellant's final contention that the court lacked jurisdiction of the action must be rejected. The instant proceeding is criminal in nature. It is concerned only with whether appellant had performed criminal acts with regard to the file of an action in the superior court. By no stretch of the imagination can it be viewed, as she urges, as a collateral attack on the judgment in the civil action, *Elbert Ltd.* v. *McKenna.* In no manner does it relate to or affect the judgment in that civil lawsuit. Moreover, though that action was then pending before the reviewing court, such pendency did not in the least deprive the superior court of its jurisdiction to proceed on the criminal charges. The court retained jurisdiction over its records. They properly remained within its physical control and custody. (*Fay* v. *Stubenrauch,* 141 Cal. 573, 575 [75 P. 174].)

The judgment and order are affirmed.

McComb, J., and Fox, J., concurred.